Douglas, J.
In the case at bar, certain circulators (including William Baker) signed an oath on petitions that they received no compensation for their services as petition circulators. William Baker himself, the Lucas County Board of Elections and the Toledo City Council all now agree that Baker was paid to circulate the petitions and the oath of the circulators was false. In fact, it was decided by the board of elections not to refer Baker for criminal prosecution only because Baker requested TDR not to file the part-petitions in question. The petitions were, however, filed.
*549 R.C. 3519.06(D) provides that “[n]o initiative or referendum part-petition is properly verified if it appears on the face thereof, or is made to appear by satisfactory evidence: * * * That the statement is false in any respect[.]” (Emphasis added.) Admittedly, R.C. Chapter 3519 involves statewide initiative and referendum petitions. However, in State ex rel. Watkins v. Quirk (1978), 59 Ohio App.2d 175, 13 O.O.3d 202, 392 N.E.2d 1302, the court held that a municipal clerk of council does have authority to invalidate all signatures affixed to referendum part-petitions where the part-petition on its face violates R.C. 3519.06(C). We agree that R.C. 3519.06 may be applied to a municipal referendum petition. Here, the board of elections rendered a report to the council which, in part, found (after a hearing) that Baker had in fact been compensated for circulating part-petitions. Certainly this is “satisfactory evidence” that on the face of the petition, there was a false statement. See R.C. 3519.06(C). Thus, city council not only had the right to reject the ordinance placing the proposed charter amendment on the ballot — it had the duty so to do.
Further, in State ex rel. Concerned Citizens for More Professional Govt. v. Zanesville City Council (1994), 70 Ohio St.3d 455, 457-458, 639 N.E.2d 421, 423, we said that “ * * * it follows that the legislature [city council] need not make the submission [to the electors] unless satisfied of the sufficiency of the petitions and that all statutory requirements are fairly met.” (Emphasis added.) See, also, State ex rel. Semik v. Cuyahoga Cty. Bd. of Elections (1993), 67 Ohio St.3d 334, 335-336, 617 N.E.2d 1120, 1122.
Clearly, one of the requirements of R.C. 3519.06(D) is that an initiative and/or referendum petition speak, on its face, the truth. That statute was clearly violated here and, accordingly, Toledo City Council had the right (and duty) not to submit the question, based on these petitions, to the electors of Toledo.
In consideration of the foregoing, the writ is denied and the cause is dismissed.

Writ denied and cause dismissed.

Resnick, F.E. Sweeney and Pfeifer, JJ., concur.
Moyer, C.J., A.W. Sweeney and Wright, JJ., concur separately.