[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 224.]

THE STATE EX REL. SINAY ET AL., APPELLEES, *v*. SODDERS, CLERK, ET AL.,
APPELLANTS.

[Cite as *State ex rel. Sinay v. Sodders*, 1997-Ohio-344.]

*Elections—Mandamus to compel Clerk and Director of Finance of city of
Englewood to certify and transmit to the Montgomery County Board of
Elections an initiative petition proposing an ordinance approving an
agreement between Englewood, village of Clayton, and Randolph Township
for a joint fire and ambulance district—Writ granted, when.*

(No. 97-1785—Submitted October 10, 1997—Decided October 15, 1997.)

APPEAL from the Court of Appeals for Montgomery County, No. 16704.

————————————

{¶ 1} Appellee Randolph Township has provided fire, ambulance, and
emergency medical services to township residents, including those residing in the
cities of Englewood and Union and the village of Clayton, for over fifty-seven
years. Effective January 1998, Randolph Township and Clayton will merge and
Randolph Township will cease to exist. Randolph Township and Clayton adopted
an agreement that could potentially include Englewood and Union and would create
a joint fire and ambulance district to continue the provision of fire, ambulance, and
emergency medical services to township residents.

{¶ 2} On July 8, 1997, a committee of circulators, which included relators
Frederick J. Sinay and Claude R. Spitler, who are residents, electors, and taxpayers
of Englewood, filed an initiative petition with appellant Karen Sodders, Clerk of
Englewood. The initiative petition proposed an Englewood ordinance approving
the agreement between Englewood, Clayton, Randolph Township, and if
subsequently approved by its electors, Union, to create a joint fire and ambulance
district. The initiative petition contained the signatures of more than ten percent of

the number of electors who voted for Governor at the most recent general election for Governor in Englewood and requested placement of the proposed ordinance on the November 4 election ballot. The petition used forms prescribed by the Secretary of State for municipal initiatives; it did not contain circulator statements specifying their compensation for soliciting signatures and verifying that the electors signing the petition did so with knowledge of its contents. Sodders held the petition open for public inspection for ten days, in accordance with R.C. 731.34.

{¶ 3} On July 29, Sodders refused to certify and transmit the initiative petition to the Montgomery County Board of Elections ("board"). On July 30, appellees, Sinay, Spitler, Randolph Township, and Randolph Township Board of Trustees, filed a complaint in the Court of Appeals for Montgomery County for writs of mandamus to compel appellants, Sodders and Englewood Director of Finance Jeff Bothwell, to (1) transmit the petition and a certified copy of the proposed ordinance to the board, and (2) certify the sufficiency and validity of the petition. After the court of appeals granted an alternative writ, appellants filed a motion for summary judgment. Appellants claimed that they had no duty to perform the requested acts because, among other reasons, (1) the petition was invalid, since it did not include the circulator compensation and elector knowledge statements required by R.C. 3519.05 and 3519.06, (2) Sodders could not be compelled to exercise her discretion to certify the sufficiency and validity of the petition, (3) Sodders did not have to exercise her discretion to determine the sufficiency and validity of the petition until the board returned the petition to her, and (4) Randolph Township and its board of trustees lacked standing to bring the mandamus action.

{¶ 4} On August 8, the court of appeals issued a writ of mandamus ordering appellants to transmit the initiative petition and a certified copy of the proposed Englewood ordinance to the board. On August 14, the court of appeals issued a

2

writ of mandamus compelling appellants to certify the sufficiency and validity of the petition to the board by August 15.

{¶ 5} This cause is now before the court upon an appeal as of right.

_____

*Coolidge, Wall, Womsley & Lombard Co., L.P.A.*, and *Janice M. Paulus*, for appellees Sinay et al.

*Gottschlich & Portune, LLP*, and *Robert E. Portune*, for appellees Randolph Township et al.

*Michael P. McNamee*, Englewood Law Director; *Calfee, Halter & Griswold, LLP*, and *Mark I. Wallach*, for appellants.

_____

***Per Curiam.***

*Standing*

{¶ 6} Appellants assert in their fifth proposition of law that the court of appeals erred by failing to dismiss appellees Randolph Township and the Randolph Township Board of Trustees because they lacked the requisite standing to be relators in the mandamus action. The court of appeals refused to rule on this issue because appellants conceded that the remaining appellees, Sinay and Spitler, had standing so that the issue of the standing of Randolph Township and its board of trustees was immaterial to whether appellants should be compelled to perform the requested acts. The court of appeals is correct. Regardless of whether Randolph Township and its board of trustees had standing, Sinay and Spitler did, so the writs of mandamus could still issue to compel appellants to perform the requested acts.

{¶ 7} In addition, Randolph Township and its board of trustees had sufficient standing. Appellants contend that a party that is neither a taxpayer nor an elector of a municipality lacks standing in a mandamus action regarding a municipal initiative petition. Civ.R. 17(A) provides that "[e]very action shall be prosecuted in the name of the real party in interest." Further, a complaint for a writ

of mandamus must set forth facts showing that the relator is a party beneficially interested in the requested acts before a proper claim is established. R.C. 2731.02. A real party in interest is directly benefited or injured by the outcome of the case rather than merely having an interest in the action itself. *State ex rel. Massie v. Gahanna-Jefferson Pub. Schools Bd. of Edn.* (1996), 76 Ohio St.3d 584, 585, 669 N.E.2d 839, 841.

{¶ 8} It is true that as a general principle, resident electors and taxpayers like Sinay and Spitler have standing to bring mandamus actions to enforce public duties in election matters. *State ex rel. Barth v. Hamilton Cty. Bd. of Elections* (1992), 65 Ohio St.3d 219, 221-222, 602 N.E.2d 1130, 1132-1133. Nevertheless, this does not mean that a nonresident nonelector of a municipality can never have standing to compel a public official of the municipality to perform public duties. But, see, *State ex rel. Russell v. Ehrnfelt* (1993), 67 Ohio St.3d 132, 133, 616 N.E.2d 237, 238 (Nontaxpaying nonresidents of municipal corporation who merely had a contingent, contractual interest in sewer rates paid by others lacked standing to bring mandamus action to compel mayor to enforce ordinance pertaining to sewer rates.).

{¶ 9} Instead, the applicable test is whether relators would be directly benefited or injured by a judgment in the case. *Massie*, 76 Ohio St.3d at 585, 669 N.E.2d at 841. This test applies to mandamus actions concerning election matters. *State ex rel. Botkins v. Laws* (1994), 69 Ohio St.3d 383, 387-388, 632 N.E.2d 897, 902; *State ex rel. Hinkle v. Franklin Cty. Bd. of Elections* (1991), 62 Ohio St.3d 145, 150-151, 580 N.E.2d 767, 771. Here, absent the writs of mandamus, respondents' failure to perform the requested acts would have directly injured Randolph Township and its board of trustees by nullifying their agreement to create a joint fire and ambulance district, which is the subject of the initiative petition.

{¶ 10} Based on the foregoing, even if the court of appeals erred in refusing to rule on the standing issue, any error was harmless because Randolph Township

and its board of trustees had standing as relators to commence the mandamus action.[1] The main case relied on by appellants, *State ex rel. Skilton v. Miller* (1955), 164 Ohio St. 163, 57 O.O. 145, 128 N.E.2d 47, paragraphs one, two, and three of the syllabus, is inapposite because in that case, the relator did not show that he was injured by the violation in any manner different from the general public.

*R.C. 3519.05 and 3519.06;  Circulator Statements*

{¶ 11} Appellants assert in their first and fourth propositions of law that they acted properly in refusing to certify the sufficiency and validity of the initiative petition to the board of elections.  Section 7.01, Article VII of the Englewood Charter provides that municipal initiative and referendum powers "shall be exercised in a manner provided by the constitution and laws of the State of Ohio, except that all documents which according to the laws of the state are to be filed with the auditor shall be filed with the Clerk of the municipality."  R.C. 731.31, which contains requirements for the presentation of municipal initiative and referendum petitions, provides that these petitions "shall be governed in all other respects by the rules set forth in section 3501.38 of the Revised Code."  R.C. 3501.38 provides that all petitions "in addition to meeting the other specific requirements prescribed in the sections of the Revised Code relating thereto" are governed by specified rules, including that:

"(E) On each petition paper the circulator shall indicate the number of signatures contained thereon, and shall sign a statement made under penalty of election falsification that he witnessed the affixing of every signature, that all signers were to the best of his knowledge and belief qualified to sign, and that every

---

1. Aside from this preliminary issue of standing, which would apply to both writs of mandamus issued by the court of appeals, appellants' propositions challenge only the court of appeals' August 14 writ of mandamus compelling appellants to certify the sufficiency and validity of the petition to the board by August 15.  Therefore, we affirm the court of appeals' issuance of its August 8 writ of mandamus ordering appellants to transmit the initiative petition and a certified copy of the proposed ordinance to the board.  Sodders had a ministerial duty to perform this act.

signature is to the best of his knowledge and belief the signature of the person whose signature it purports to be."

{¶ 12} While appellants do not contend that the initiative petition failed to comply with the foregoing requirements of R.C. 3501.38(E), they claim that the initiative petition was invalid because it did not comply with R.C. 3519.05 and 3519.06, which are "other specific requirements" mentioned in R.C. 3501.38.

{¶ 13} The paramount consideration in construing statutes is legislative intent. *State ex rel. Purdy v. Clermont Cty. Bd. of Elections* (1997), 77 Ohio St.3d 338, 340, 673 N.E.2d 1351, 1353. In determining legislative intent, we must review the language of R.C. 3519.05 and 3519.06. See *State ex rel. Herman v. Klopfleisch* (1995), 72 Ohio St.3d 581, 584, 651 N.E.2d 995, 997. R.C. 3519.05 and 3519.06 involve the same subject matter and should be construed *in pari materia*. See, *e.g., State ex rel. Hodges v. Taft* (1992), 64 Ohio St.3d 1, 5-6, 591 N.E.2d 1186, 1190; *Hughes v. Ohio Bur. of Motor Vehicles* (1997), 79 Ohio St.3d 305, 308, 681 N.E.2d 430, 433 ("All statutes pertaining to the same general subject matter must be read *in pari materia*.").

{¶ 14} R.C. 3519.06 provides:

"No initiative or referendum part-petition is properly verified if it appears on the face thereof, or is made to appear by satisfactory evidence:

"(A) That the statement required by section 3519.05 of the Revised Code is not properly filled out[.]"

{¶ 15} R.C. 3519.05 requires that the petition include a circulator's statement specifying if the circulator received any consideration for soliciting signatures and a declaration by the circulator that the electors signing the petition did so with knowledge of its contents. The initiative petition here contained neither of these statements.

{¶ 16} Nevertheless, for the reasons that follow, the court of appeals correctly concluded that R.C. 3519.05 and 3519.06 did not require the municipal

initiative petition to contain circulator compensation or elector knowledge statements. First, we have consistently recognized that R.C. Chapter 3519 applies only to statewide initiative and referendum petitions. *State ex rel. Huebner v. W. Jefferson Village Council* (1995), 72 Ohio St.3d 589, 591, 651 N.E.2d 1001, 1003, reconsideration granted on other grounds (1996), 75 Ohio St.3d 381, 662 N.E.2d 339; *State ex rel. Spadafora v. Toledo City Council* (1994), 71 Ohio St.3d 546, 549, 644 N.E.2d 393, 395; *Markus v. Trumbull Cty. Bd. of Elections* (1970), 22 Ohio St.2d 197, 200, 51 O.O.2d 277, 279, 259 N.E.2d 501, 502-503.

{¶ 17} Second, a review of the plain language of the statutes indicates that they do not apply to municipal petitions. R.C. 3519.06 specifically refers to the statement required by R.C. 3519.05. R.C. 3519.05, which governs the form of petitions, contains references limiting its applicability to statewide issues, *e.g.*, "constitutional amendment," "certification of the attorney general," "[t]he text of proposed amendment * * * shall be prefaced by 'Be it resolved by the people of the State of Ohio,' " " 'Law proposed by initiative petition first to be submitted to the General Assembly,' " and "[t]he text of the law so referred shall be followed by the certification of the secretary of state * * * that it has been compared with the copy of the enrolled bill * * *."

{¶ 18} Third, the petition used forms prescribed by the state's chief election officer, the Secretary of State. Therefore, we must accord weight to the Secretary of State's apparent view that neither R.C. 3519.05 nor 3519.06 requires circulator compensation or elector-knowledge statements in municipal initiative and referendum petitions. *State ex rel. Harbarger v. Cuyahoga Cty. Bd. of Elections* (1996), 75 Ohio St.3d 44, 47, 661 N.E.2d 699, 701, quoting *Herman*, 72 Ohio St.3d at 586, 651 N.E.2d at 999 (" '[W]hen an election statute is subject to two different, but equally reasonable, interpretations, the interpretation of the Secretary of State, the state's chief election officer, is entitled to more weight.' ").

{¶ 19} Finally, appellants' claim that *Spadafora* and *State ex rel. Watkins v. Quirk* (1978), 59 Ohio App.2d 175, 13 O.O.3d 202, 392 N.E.2d 1302, required that the municipal initiative petition comply with R.C. 3519.05 and 3519.06 lacks merit. These cases provide merely that R.C. 3519.05 and 3519.06 may be applied to municipal petitions if R.C. 3519.05 statements are attached to the petition and are either false or altered. *Spadafora*, 71 Ohio St.3d at 549, 644 N.E.2d at 395 ("Admittedly, R.C. Chapter 3519 involves statewide initiative and referendum petitions. * * * We agree that R.C. 3519.06 may be applied to a municipal referendum petition. Here, the board of elections * * * found [after a hearing] that Baker had in fact been compensated for circulating part-petitions. Certainly this is 'satisfactory evidence' that on the face of the petition, there was a false statement. See R.C. 3519.06[C]. Thus, city council not only had the right to reject the ordinance placing the proposed charter amendment on the ballot — it had the duty to do so."); *Watkins*. As the court of appeals correctly held, *Spadafora* and *Watkins* merely require that *if* a municipal initiative or referendum petition includes an R.C. 3519.05 circulator's compensation or elector-knowledge statement, it may be required to comply with R.C. 3519.06 to the extent that the statements must be truthful and cannot be altered.

{¶ 20} Based on the foregoing, Sodders erred in refusing to certify the sufficiency and validity of the initiative petition to the board of elections.

### R.C. 731.28; Discretionary Duty

{¶ 21} Appellants assert in their second proposition of law that the court of appeals erred in granting a writ of mandamus to compel Sodders to certify the sufficiency and validity of the initiative petition to the board because she possessed discretion under R.C. 731.28 to make such certification. Prior to the enactment of Am.Sub.H.B. No. 192, effective October 10, 1991, R.C. 731.28 provided in pertinent part:

"Where a petition is filed with the city auditor or village clerk, signed by the required number of electors proposing an ordinance or other measure, such auditor or clerk shall, after ten days, certify the text of the proposed ordinance or measure to the board of elections. The auditor or clerk shall retain the petition.

"The board shall submit such proposed ordinance or measure for the approval or rejection of the electors of the municipal corporation at the next succeeding general election, occurring subsequent to seventy-five days after the certifying of such initiative petition to the board of elections." (138 Ohio Laws, Part II, 4619.)

{¶ 22} Under this version of R.C. 731.28, the municipal official had only a ministerial duty to certify to the board of elections the text of a proposal for which sufficient signatures had been obtained, whereas the board of elections had authority under R.C. 3501.11(K) to review the sufficiency and validity of the petition. See, *e.g., State ex rel. Williams v. Iannucci* (1988), 39 Ohio St.3d 292, 294, 530 N.E.2d 869, 870-871.

{¶ 23} But effective October 10, 1991, R.C. 731.28 was amended to modify the requirements pertaining to municipal initiative petitions. See Am.Sub.H.B. No. 192, which similarly amended the requirements concerning municipal referendum petitions in R.C. 731.29. (144 Ohio Laws, Part II, 3460-3461.) Am.Sub.H.B. No. 192 afforded city auditors and village clerks discretionary authority to determine the sufficiency and validity of municipal initiative and referendum petitions. The current version of R.C. 731.28 follows the 1991 amendment and retains this authority:

"When a petition is filed with the city auditor or village clerk, signed by the required number of electors proposing an ordinance or other measure, such auditor or clerk shall, after ten days, transmit a certified copy of the text of the proposed ordinance or measure to the board of elections. The auditor or clerk shall transmit the petition to the board together with the certified copy of the proposed ordinance

or other measure. The board shall examine all signatures on the petition to determine the number of electors of the municipal corporation who signed the petition. The board shall return the petition to the auditor or the clerk within ten days after receiving it, together with a statement attesting to the number of such electors who signed the petition.

"The board shall submit such proposed ordinance or measure for the approval or rejection of the electors of the municipal corporation at the next general election occurring subsequent to seventy-five days *after the auditor or clerk certifies the sufficiency and validity of the initiative petition to the board of elections*. * * *

"As used in this section, 'certified copy' means a copy containing a written statement attesting it is a true and exact reproduction of the original proposed ordinance or other measure." (Emphasis added.) Am.Sub.H.B. No. 99, effective August 22, 1995.

{¶ 24} The current version of R.C. 731.28, beginning with the 1991 amendment, envisions the following procedure:

1. When a petition for an initiated ordinance or other measure is signed by the required number of electors, the auditor or clerk has a mandatory, ministerial duty, after ten days from the date the petition was filed, to transmit the petition and a certified copy of the text of the proposed ordinance or other measure to the board of elections. See *Williams*.

2. Within ten days of receiving the petition, the board of elections is required to determine the number of electors of the municipal corporation who signed the petition and return the petition to the auditor or clerk together with a statement attesting to the number.

3. The auditor or clerk then exercises limited, discretionary authority to determine the sufficiency and validity of the petition. See, generally, 1 Gotherman & Babbit, Ohio Municipal Law (1992) 119, Section T 7.37(B). The auditor or clerk

does not inquire into questions not evident on the face of the petition or conduct a judicial or quasi-judicial proceeding. Cf. *Morris v. Macedonia City Council* (1994), 71 Ohio St.3d 52, 55, 641 N.E.2d 1075, 1078 (municipal legislative authorities are similarly limited in their constitutional authority to examine the sufficiency of petitions to amend city charter).

4. If the auditor or clerk certifies the sufficiency and validity of the initiative petition to the board of elections, the board must submit the proposed ordinance or measure at the next succeeding general election occurring after seventy-five days from the certification to the board of elections, but only if the board determines under R.C. 3501.11(K) and 3501.39 that the petition is sufficient and valid. Cf. *Williams*. In other words, contrary to appellants' contentions, Am.Sub.H.B. No. 192 did not divest boards of elections of their preexisting authority to determine the sufficiency and validity of municipal initiative and referendum petitions. Instead, the preeminent purpose of the amendment was "to require that boards of elections, rather than * * * municipal auditors and clerks, determine the number of qualified electors who signed the initiative and referendum petitions." See title to Am.Sub.H.B. No. 192. 144 Ohio Laws, Part II, 3458. If the General Assembly had intended to completely divest boards of elections, which are the local authorities best equipped to gauge compliance with election laws, of their authority to determine the sufficiency and validity of these petitions, it would have done so with unambiguous language. Since it did not do so, the General Assembly must have intended that boards of elections retain this authority, as specified in R.C. 3501.11(K) and 3501.39. See, *e.g., State ex rel. Janasik v. Sarosy* (1967), 12 Ohio St.2d 5, 6, 41 O.O.2d 3, 4, 230 N.E.2d 346, 347 ("Thus, even though such [municipal referendum] petitions are retained by the clerk and the initial duty is on such clerk to determine the validity of the petition, if a protest is made to the board as to the validity of the petitions it is incumbent on the board to examine and determine the validity of the petitions."); *Williams*, 39 Ohio St.3d at 294, 530

N.E.2d at 870-871 (Boards of elections retained authority under R.C. 3501.11[K] to determine sufficiency and validity of municipal initiative petitions despite similar language of former R.C. 731.28 that the board "shall submit such proposed ordinance or measure * * *."); *State ex rel. SuperAmerica Group v. Licking Cty. Bd. of Elections* (1997), 80 Ohio St.3d 182, 187, 685 N.E.2d 507, 511 (Ten-day limit in R.C. 731.29 does not restrict board of elections' separate duties under R.C. 3501.11[K] to "[r]eview, examine, and certify the sufficiency and validity of petitions and nomination papers."); see, also, *State ex rel. Cincinnati Post v. Cincinnati* (1996), 76 Ohio St.3d 540, 543-544, 668 N.E.2d 903, 906 ("We must construe statutes to avoid unreasonable or absurd results.").

{¶ 25} Therefore, after construing R.C. 731.28 in light of the 1991 amendment, appellants are correct that Sodders's determination under R.C. 731.28 to certify the sufficiency and validity of the petition is discretionary. Appellants are additionally correct that a writ of mandamus cannot be used to control the exercise of discretion. *State ex rel. Dublin v. Delaware Cty. Bd. of Commrs.* (1991), 62 Ohio St.3d 55, 60, 577 N.E.2d 1088, 1093.

{¶ 26} But a writ of mandamus *will* issue to correct an abuse of such discretion by a nonjudicial public body or official. *State ex rel. Crabtree v. Franklin Cty. Bd. of Health* (1997), 77 Ohio St.3d 247, 249, 673 N.E.2d 1281, 1283. The term "abuse of discretion" indicates an unreasonable, arbitrary, or unconscionable attitude. *State ex rel. Bitter v. Missig* (1995), 72 Ohio St.3d 249, 253, 648 N.E.2d 1355, 1358. Here, the main reason that Sodders refused to certify the sufficiency and validity of the petition was because of its purported noncompliance with R.C. 3519.05 and 3519.06. As discussed previously, these sections are manifestly inapplicable. Therefore, Sodders abused her limited discretion under R.C. 731.28, as applicable to her under the Englewood Charter, by refusing to certify the sufficiency and validity of the initiative petition because of asserted noncompliance with R.C. 3519.05 and 3519.06.

*R.C. 731.28; Premature Certification*

{¶ 27} Appellants assert in their third proposition of law that Sodders's discretionary duty to certify the sufficiency and validity of a municipal initiative petition under R.C. 731.28 did not arise until the board of elections returned the petition to her following its elector examination. Appellants claim that, consequently, Sodders's duty did not exist at the time that the court of appeals issued its August 14 writ of mandamus to compel her to certify the sufficiency and validity of the petition to the board by August 15 because the board had not yet returned the petition to her with a statement attesting to the number of electors who signed the petition. At the time the court of appeals issued the writ, there was no evidence concerning whether Sodders had received the petition and statement from the board.

{¶ 28} As previously analyzed, R.C. 731.28 envisions that the auditor's or clerk's duty to determine the sufficiency and validity of the municipal initiative petition does not arise until after the board conducts its elector examination and returns the petition. Gotherman & Babbit. As appellants note, Sodders cannot normally exercise her limited discretion and discern the sufficiency and validity of the petition until the board informs her how many electors signed the petition. See R.C. 731.28 ("Such initiative petition must contain the signatures of not less than ten per cent of the number of electors who voted for governor at the most recent general election for the office of governor in the municipal corporation.").

{¶ 29} Here, however, the petition was filed with Sodders on July 8 and requested placement of the proposed ordinance on the November 4 ballot. Under R.C. 731.28, the last day for Sodders to certify the sufficiency and validity of the petition to the board was August 20 in order for the issue to be placed on the November 4 ballot. R.C. 731.28 ("The board shall submit such proposed ordinance or measure for the approval or rejection of the electors of the municipal corporation at the *next general election occurring subsequent to seventy-five days after the*

*auditor or clerk certifies the sufficiency and validity of the initiative petition to the board of elections*." [Emphasis added.]).

**{¶ 30}** Due to Sodders's unjustified delay in her initial ministerial duty to transmit a copy of the petition and a certified copy of the proposed ordinance, the board's elector examination was delayed, thereby jeopardizing placement of the proposed ordinance on the November 4 ballot. Given the time constraints engendered by Sodders's inaction, Sodders's erroneous reliance on R.C. 3519.05 and 3519.06, as well as the fact that the board retained its authority to determine the sufficiency and validity of the petition, the court of appeals did not err in granting the writ on August 14 to compel Sodders to certify the sufficiency and validity of the petition even though no evidence indicated that the board had returned the petition and elector statement back to Sodders. Cf. *Morris* (City council's unjustified failure to promptly determine sufficiency of petition for city charter amendment warranted writ of mandamus compelling inclusion of charter amendment initiative on next election ballot even though constitutional deadline had expired.). In addition, appellants admit that they ultimately received the petition and elector statement from the board prior to the August 20 deadline. They do not assert that the number of electors attested by the board to have signed the petition was insufficient under R.C. 731.28.

*Conclusion*

**{¶ 31}** Based on the foregoing, the court of appeals properly issued the writs of mandamus compelling Sodders to perform the duties specified by R.C. 731.28. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____