Toni M. Temple, appellant, appeals a decision by the Environmental Review Appeals Commission of the State of Ohio ("commission"). The commission dismissed appellant's appeal of a decision of Donald R. Schregadus, the Director of the Ohio Environmental Protection Agency ("appellee"). We affirm.
In 1995, appellant was a resident on Cady Road in North Royalton, Ohio. Appellant's water was supplied by a private well drilled on her property. On November 6, 1995, appellant filed a complaint with the Ohio Environmental Protection Agency ("Ohio EPA") alleging that "[t]here are dangerous levels of methane gas in my well water which cause explosive levels of methane and other natural gases to build up in my home." In her complaint, appellant requested: (1) "a prompt investigation," (2) appellee "to act and make decisions concerning corrections to this most dangerous situation," (3) a ban on "all water wells containing methane gas on Cady Road," and (4) an investigation of possible brass particulates contamination in appellant's well water. Appellant also claimed that the private water wells on Cady Road should be banned "so that citizens can obtain a city water line from the city of N. Royalton."
On January 17, 1996, appellant's complaint was dismissed by appellee, finding that "no violation of law occurred." Appellee found that: (1) the regulatory authority of the Ohio EPA does not extend to individually owned water systems or to private wells, (2) methane was not regulated as a hazardous substance or specified as a contaminant in drinking water, (3) methane in appellant's well water was outside the regulatory authority of the Ohio EPA because the methane in the area ground water was naturally occurring, and (4) appellant's complaint failed to allege a violation of Ohio EPA regulations.
In response to appellee's decision dismissing her complaint, appellant wrote a letter to the Environmental Board of Review ("review board"). Appellant stated in the letter that she was filing an appeal. Appellant also requested that the Cuyahoga County Board of Health and the Ohio Department of Health be joined as parties to the appeal. The letter was received by the review board on February 9, 1996, and was construed by the review board to be a notice of appeal of appellee's decision. On June 6, 1996, the review board granted a motion to dismiss Cuyahoga County Board of Health and the Ohio Department of Health as parties in the action. We affirmed the board's granting of the motion to dismiss in Temple v. Schregardus
(Mar. 31, 1997), Franklin App. No. 96APH06-792, unreported (1997 Opinions 1022).
On November 25, 1997, appellant executed a survivorship deed transferring her property on Cady Road to Jamie and Patricia Walter. The deed of sale was recorded by the Cuyahoga County Auditor on December 1, 1997. In a letter dated January 21, 1998, appellant stated that "I was forced to sell my home because of the gas exposures." On April 20, 1998, appellee filed a motion to dismiss with the commission[1] arguing that since appellant "no longer lives at the Cady Road address, she cannot be affected as a result of living there. Consequently, Appellant has been deprived of the proper standing to proceed with this appeal and this matter has been rendered moot." In appellant's brief opposing the motion to dismiss, she acknowledged that she was no longer living at Cady Road and stated that her "change in residence was not of choice but of necessity." On April 29, 1998, the commission sustained appellee's motion to dismiss, holding that appellant's "standing terminated upon the sale of the Cady Road property." Appellant appeals this decision to this court pursuant to R.C.3745.06, and presents the following assignment of error.
 The ERAC erred and abused their discretion in dismissing Appellant's complaint due to a loss in standing because Appellant never lost standing because she sustained and documented both financial and health injuries as a direct result of Appellee's actions and in all other ways Appellant met, and still meets, the requirements for standing under statutory, case and constitutional laws.
Appellant contends in her assignment of error that the dismissal of her appeal by the commission should be overturned claiming that the commission erred in finding that she lacked standing. We disagree.
R.C. 3745.06 states in part:
 Any party adversely affected by an order of the environmental review appeals commission may appeal to the court of appeals of Franklin county, or, if the appeal arises from an alleged violation of a law or regulation, to the court of appeals of the district in which the violation was alleged to have occurred. * * *
On appeal, the appellate court is confined to the record as certified to it by the commission. R.C. 3745.06. The reviewing court shall affirm the commission's order complained of in the appeal "if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law." Id.
R.C. 3745.06 requires the appealing party to have been "adversely affected by an order" of the commission. In determining whether a person has been adversely affected for purposes of R.C. Chapter 3745, "this court has looked to the principles applicable to traditional standing analysis."Johnson's Island Property Owners' Association v. Schregardus
(June 30, 1997), Franklin App. No. 96APH10-1330, unreported (1997 Opinions 2818, 2822). When determining whether a party has standing, Ohio courts have applied the Civ.R. 17(A) requirement that a party must be a "real party in interest."State ex rel. Sinay v. Sodders (1997), 80 Ohio St.3d 224, 226. "A real party in interest is directly benefited or injured by the outcome of the case rather than merely having an interest in the action itself." Id. Additionally, because of the jurisdictional nature of standing under R.C. Chapter 3745, "the issue of standing * * * may be raised at any time during the pendency of the proceedings." New Boston Coke Corp. v. Tyler
(1987), 32 Ohio St.3d 216, paragraph two of the syllabus.
A review of the record shows that appellant has failed to demonstrate that she has been adversely affected by the commission's order, and how she would be directly benefited by the outcome of this case rather than merely having an interest in the action. In her complaint filed on November 9, 1995, appellant requested appellee to investigate and remedy perceived problems with the groundwater near her home on Cady Road. Appellant claimed that if appellee condemned the wells because of methane contamination, North Royalton would have been forced to provide city water to homes on Cady Road.
However, appellant moved from her residence on Cady Road in December 1997, and no longer uses groundwater from the Cady Road area. Appellant does not adequately address how the dismissal of her appeal "adversely affects" her in light of the fact that she no longer uses groundwater from the Cady Road area. Instead, appellant relies upon the argument that she has not lost standing because she suffered damages while she was living at Cady Road. For example, appellant claims that the "record contains numerous mentions of Appellant's injuries and damages and Appellant has stated she was damaged by the inaction of the Appellee. Appellant is an injured and proper party."
The flaw in appellant's argument is that the complaint she filed on November 6, 1995, did not request the recovery of any damages, but instead requested appellee to act in order to prevent future damages. Therefore, even if the commission ordered appellee to do the actions requested by appellant, appellant does not demonstrate how she would be directly benefited. If appellant's requested remedy would have been to recover damages[2] as opposed to requesting appellee to act, appellant's sale of her home on Cady Road would not have been a valid basis for her to lose standing. It is the type of recovery appellant has requested coupled with appellant failing to show how she has been adversely affected by the order of the commission that has caused her to lose standing in the present case.
Appellant also states that she "should not now lose standing because Appellee failed to investigate and perform their duties." However, appellant's loss of standing is unrelated to appellee "failing" to investigate and perform his duties, but instead upon the fact that appellant has failed to adequately show how she would either be directly benefited or adversely affected by the outcome of the present case.
Appellant does argue that she has been adversely affected by the commission's order because "she still utilizes Lake Erie water (which is being contaminated through Cady Road streams)." Appellant stated that the streams near Cady Road flow into the Rocky River which empties into Lake Erie. However, appellant provides no evidence of how the alleged contamination of streams near Cady Road affects the water she is presently using from Lake Erie. Additionally, appellant's general statement that she "still resides in the same county — Cuyahoga — in the same state and is an affected and interested party" is insufficient to establish standing in the present case.
Accordingly, after reviewing the complete record, we find that the commission's order is supported by reliable, probative, and substantial evidence and is in accordance with law. Appellant does not have standing because she has failed to demonstrate that: (1) she has been adversely affected by the commission's order, and (2) she would directly benefit from the outcome of the case rather than merely having an interest in the action itself. Appellant's assignment of error is overruled and, therefore, the judgment of the Environmental Review Appeals Commission is affirmed.
Judgment affirmed.
TYACK and PETREE, JJ., concur.
[1] The name of the Environmental Board of Review changed to the Environmental Review Appeals Commission pursuant to H.B. No. 670, effective December 2, 1996. See Legislative History, R.C.745.02.
[2] A remedy we note that appellant could not request pursuant to the proceeding outlined in R.C. Chapter 3745. See R.C. 3745.04.