[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 508.]

THE STATE EX REL. COMMITTEE FOR THE CHARTER AMENDMENT PETITION—
THE MILLIKIN WOODS PRESERVATION ASSOCIATION *v.* CITY OF HAMILTON ET
AL.

[Cite as *State ex rel. Commt. for the Charter Amendment Petition v. Hamilton*,
2001-Ohio-1623.]

*Elections—Mandamus sought to compel Hamilton City Council to place proposed
charter amendment on November ballot—No duty to submit proposed
charter amendment unless all statutory requirements are satisfied—R.C.
3501.38(I) and (K) prohibit filing of additional part-petitions—Writ denied.*

(No. 01-1663—Submitted October 9, 2001—Decided October 11, 2001.)

IN MANDAMUS.

―――――――――――――

*Per Curiam.*

{¶ 1} Millikin Woods is a city park located in respondent city of Hamilton, Ohio. In December 2000, the Hamilton City Council passed legislation authorizing the city manager to obtain money from the Ohio Public Works Commission to fund the extension of a roadway through Millikin Woods. Relator, Committee for the Charter Amendment Petition – The Millikin Woods Preservation Association ("committee"), circulated petition papers proposing a charter amendment that would prohibit the Hamilton City Council from constructing, opening, altering, or widening any street, alley, or public highway in or through Millikin Woods.

{¶ 2} On August 17, 2001, the committee submitted the petition papers to the acting city clerk. The petition consisted of twenty-eight part-petitions and contained 1,272 signatures. On August 24, 2001, the Butler County Board of Elections verified 1,044 of the petition signatures as valid, which was less than the 1,066 required for submission of the proposed charter amendment to the electorate.

**{¶ 3}** On August 31, 2001, the committee submitted five supplemental part-petitions containing eighty-seven signatures for the proposed charter amendment to the acting city clerk. The board of elections verified eighty-one of the signatures on the supplemental petition as valid.

**{¶ 4}** On September 12, 2001, the city council rejected the initiative petition because the part-petitions submitted on August 17, 2001, contained insufficient signatures to submit the proposed charter amendment to the electorate. The city council also rejected the August 31, 2001 supplemental petition.

**{¶ 5}** On September 14, 2001, the committee filed this expedited election action for a writ of mandamus to compel respondents, the city of Hamilton and Mayor Adolph Olivas, "to pass legislation which authorizes a November election" on the proposed charter amendment. Respondents filed an answer, and the parties filed evidence and briefs pursuant to the expedited election schedule set forth in S.Ct.Prac.R. X(9).

**{¶ 6}** This cause is now before the court for a consideration of the merits.

**{¶ 7}** The committee requests a writ of mandamus to compel the Hamilton City Council to pass legislation authorizing the placement of the proposed charter amendment on the November 6, 2001 election ballot.

**{¶ 8}** Under Section 18.06, Article XVIII of the Hamilton Charter, the charter "may be amended as provided for by the Constitution of Ohio." Section 7, Article XVIII of the Ohio Constitution authorizes municipal corporations to adopt and amend a home rule charter, and Sections 8 and 9, Article XVIII prescribe the procedures for adopting and amending a charter. *State ex rel. Commt. for Charter Amendment Petition v. Avon* (1998), 81 Ohio St.3d 590, 592, 693 N.E.2d 205, 207. Section 9 of Article XVIII, which incorporates the requirements of Section 8, requires the legislative authority of any city, *e.g.*, city council, upon petition of ten percent of the electors, to "forthwith" authorize by ordinance an election on a proposed charter amendment. *Id.* When a municipal legislative authority

2

erroneously fails to submit a charter amendment when it is presented with a legally sufficient petition, extraordinary relief in mandamus is available to order placement on the next regular election ballot. *State ex rel. Huebner v. W. Jefferson Village Council* (1995), 75 Ohio St.3d 381, 385, 662 N.E.2d 339, 343.

{¶ 9} The city council, however, had no duty to submit the proposed charter amendment to the electorate unless all statutory requirements were satisfied. *State ex rel. Semik v. Cuyahoga Cty. Bd. of Elections* (1993), 67 Ohio St.3d 334, 335-336, 617 N.E.2d 1120, 1122. Pertinent portions of statutes that do not conflict with either the Constitution or the charter, including R.C. 3501.38, which pertains to petition requirements, are applicable. *Morris v. Macedonia City Council* (1994), 71 Ohio St.3d 52, 55, 641 N.E.2d 1075, 1078; see, also, Section 2.02, Article II of the Hamilton Charter ("When not prescribed in this Charter or by ordinance or resolution, then the powers shall be exercised in the manner provided by the laws of Ohio until Council provides a different manner of exercising the powers").

{¶ 10} As the committee concedes, its initial petition, filed on August 17, lacked sufficient signatures to require city council to order the submission of the proposed charter amendment to the electorate. Further, R.C. 3501.38(I) and (K) prohibited the committee's attempt to supplement its August 17 petition papers with additional part-petitions on August 31. See R.C. 3501.38(I) ("No * * * additions may be made to a petition after it is filed in a public office") and R.C. 3501.38(K) ("All separate petition papers shall be filed at the same time, as one instrument").

{¶ 11} In *State ex rel. McMillan v. Ashtabula Cty. Bd. of Elections* (1992), 65 Ohio St.3d 186, 189, 602 N.E.2d 631, 633, we held in a case involving a comparable fact pattern:

"[A] candidate may file only one declaration of candidacy and set of petition papers as one instrument with the board of elections. Thus, in this case, Kobelak's first filing is the only filing permitted. Since this filing did not contain enough

3

signatures, the board did not have the authority to place his name on the ballot. Moreover, since a candidate may not alter, correct, or add to a petition after its filing, R.C. 3501.38(I), Kobelak may not file, nor may the board of elections accept, additional petition papers to add to the signature total."

{¶ 12} Although in *State ex rel. Rose v. Lorain Cty. Bd. of Elections* (2000), 90 Ohio St.3d 229, 736 N.E.2d 886, syllabus, as cited by the committee in its reply brief, we held that "[n]either R.C. 3501.38(I) nor (K) prohibits the withdrawal of previously filed petitions and the submission of either new petitions or the resubmission of combined but unaltered petitions before the filing deadline," the committee did not withdraw its initial petition and attempt to resubmit it with additional part-petitions as one instrument here. Therefore, *Rose* is inapposite and R.C. 3501.38(I) and (K) prohibited the committee from filing additions to the first petition and submitting different parts of the petition at different times.

{¶ 13} The committee's reliance on *State ex rel. Citizens for a Better Portsmouth v. Sydnor* (1991), 61 Ohio St.3d 49, 572 N.E.2d 649, *State ex rel. Spadafora v. Toledo City Council* (1994), 71 Ohio St.3d 546, 644 N.E.2d 393, and R.C. 3519.16, is also misplaced. In *Sydnor*, the issue of possible noncompliance with R.C. 3501.38(I) and (K) was neither raised nor addressed, and R.C. 3519.16 is restricted to *statewide* initiative and referendum petitions, which this case does not involve. See *State ex rel. Sinay v. Sodders* (1997), 80 Ohio St.3d 224, 228, 685 N.E.2d 754, 758 ("[W]e have consistently recognized that R.C. Chapter 3519 applies only to statewide initiative and referendum petitions"). And *Spadafora* "merely require[s] that *if* a municipal initiative or referendum petition includes an R.C. 3519.05 circulator's compensation or elector-knowledge statement, it may be required to comply with R.C. 3519.06 to the extent that the statements must be truthful and cannot be altered." (Emphasis *sic*.) *Id.* at 229, 685 N.E.2d at 759.

{¶ 14} Finally, although the city council was unable to specifically reject the committee's petition until after the deadline had passed, our judgment in

*Morris*, contrary to the committee's claims, does not require issuance of the writ where the petition on its face does not comply with the applicable statutory requirements. In *Morris*, 71 Ohio St.3d at 56, 641 N.E.2d at 1078, we emphasized that the applicable deadline had passed to place the charter amendment on the next general election ballot because of delay caused by an objection that went beyond the authority of council to decide. Here, however, the defect in the first petition— lack of sufficient valid signatures—is conceded by the committee in this action and the manifestly applicable statutory provisions and controlling precedent precluded the committee's subsequent attempt to add more signatures to their previous filing.

{¶ 15} Based on the foregoing, the committee is not entitled to the requested extraordinary relief in mandamus. The city council did not err in refusing to submit the proposed charter amendment to the electorate. Accordingly, we deny the writ.

*Writ denied.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*Repper & Powers* and *Christopher J. Pagan*, for relator.

*Hillary G. Miller*, Hamilton Director of Law, and *Susan M. Gertz*, Assistant Director of Law, for respondents.

————————————