{¶ 27} I respectfully dissent from the majority opinion insofar as it finds that appellant, Danny Brown, failed to raise a genuine issue of material fact with respect to two elements of his claim for wrongful imprisonment, specifically: (1) that no further prosecution was attempted or allowed for the subject conviction or any act associated with that conviction; and (2) that the offense of which the petitioner was found guilty was not committed by the petitioner or was not committed at all.
 {¶ 28} Courts have a duty to construe statutes to avoid absurd or unreasonable results. State ex. Rel. Webb v. Bliss
(2003), 99 Ohio St.3d 166; State ex rel. Sinay v. Sodders
(1997), 80 Ohio St.3d 224, 232. R.C. 2743.48 requires, in part, that a petitioner demonstrate that no further prosecution beattempted or allowed for the subject conviction. It is my opinion that, in order to best serve the interests of justice, the terms "attempted" and "allowed" should be read entirely disjunctively, with the effect that the statute is deemed satisfied when a petitioner demonstrates one or the other circumstance, and not necessarily both. Without this construction, those unjustly convicted of murder — the most serious of offenses, carrying the severest of punishments — would never be permitted to recover under the statute, because there is no statute of limitations circumscribing the time for prosecution of this offense. Alternatively, recovery would depend upon the whim of a prosecutor to declare which claimants would no longer be prosecuted and which would remain as perpetual, but remote, suspects. I simply cannot countenance such an unreasonable interpretation and unjust result.
 {¶ 29} The majority, however, not only requires a claimant to demonstrate that prosecution would be neither "attempted" nor "allowed," but accepts without question the state's definition of "ongoing investigation" to establish whether a prosecution will be attempted. As the majority points out, the state did present evidence (in the form of the prosecutor's self-serving affidavit) that there was an "ongoing investigation" into the crime and that appellant continued to be a suspect. Nevertheless, when asked if "there is always the theoretical possibility that new evidence may come up," a Cold Case Unit police detective answered, "You bet." The detective then readily acknowledged that the investigation might never officially end, both in theory and in practice. Thus, the majority accepts the state's definition of "ongoing investigation" to include passive waiting for any evidence in any case that has ever been opened, regardless of whether any actual, active "investigation" is occurring.
 {¶ 30} Moreover, the majority, in its apparently wholesale acceptance of this evidence, has utterly failed to take into account that by December 30, 2004 (when the trial court issued its opinion and judgment entry granting summary judgment in favor of the state), nearly four years had elapsed since the DNA testing proved that the semen collected from the victim did not belong to appellant. At no time during that four-year period did the prosecution charge appellant with any offense in connection with Bobbie Russell's death. We note that even as of today, approximately five years after the DNA testing, no new indictment has ever been handed down against appellant in connection with that case. This lack of activity on the part of the prosecution leads me to the inescapable conclusion that there was, in fact, no "ongoing" investigation being conducted. On that basis, I conclude that there is a genuine issue of material fact as to the question of whether further prosecution was really attempted in this case, or ever will be.
 {¶ 31} With respect to the second element, that appellant failed to establish that he did not commit the offense of which he was found guilty, I would hold that, in this case, the DNA test results alone are sufficient to overcome the state's motion for summary judgment. Under the state's own theory, which is strongly supported by the evidence and upon which appellant was originally convicted, a single person committed the rape and murder of Bobbie Russell. The DNA testing definitively identified convicted murderer Sherman Preston as the source of the semen. In so doing, it conclusively ruled out appellant as the rapist. In light of the foregoing, I strongly disagree with the majority opinion that the absence of a self-serving affidavit on the part of appellant is determinative of whether appellant alleged sufficient facts to show that he did not commit the offense of which he was originally convicted.
 {¶ 32} Because I conclude that issues of material fact remain in dispute regarding the elements of appellant's claim under R.C.2305.02 and R.C. 2743.48(A), I would reverse the trial court's grant of summary judgment and remand for additional proceedings.