OPINION
{¶ 1} This case comes to us on the accelerated calendar. App. R. 11.1 which governs accelerated calendar cases, provides in pertinent part:
 {¶ 2} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 3} This appeal shall be considered in accordance with the aforementioned rule.
 STATEMENT OF THE FACTS AND CASE {¶ 4} Appellant, Smith and John Construction Company, was the general contractor to the Ohio Department of Transportation (ODOT) on Job No. 425-01, with Appellee John K. Leohner Co. Inc. as a subcontractor. Such subcontract required Appellee to provide certain labor and materials on such project in accordance with the ODOT general contract.
 {¶ 5} Appellant received payments from ODOT based upon certain numbered and dated estimates but did not issue payment to Appellee within ten days even though the amounts were undisputed.
 {¶ 6} Appellee filed suit premised on breach of such subcontract requesting payment of damages, interest, including such arising under the Prompt Payment Act, attorney fees and a declaratory judgment as to retained funds.
 {¶ 7} After trial, the court issued findings of fact and conclusions of law and awarded judgment of the principal balances claimed plus interest specifying the amounts and accrual dates on each numbered estimate plus attorney fees.
 {¶ 8} The issue in this appeal involves the awarding of continuing interest under R.C. § 4113.61 et seq.
 {¶ 9} The Assignment of Error states:
 ASSIGNMENT OF ERROR {¶ 10} "I. THE TRIAL COURT AWARDED CONTINUING INTEREST IMPROPERLY, PURSUANT TO THE PROMPT PAYMENT ACT, AGAINST APPELLANT. (JUDGMENT ENTRY; FINDINGS OF FACT, CONCLUSIONS OF LAW AND DECISION)."
 I. {¶ 11} Revised Code 4113.61 provides in part:
 {¶ 12} "(A)(1) If a subcontractor or materialman submits an application or request for payment or an invoice for materials to a contractor in sufficient time to allow the contractor to include the application, request, or invoice in his own pay request submitted to an owner, the contractor, within ten calendar days after receipt of payment from the owner for improvement to property, shall pay to the: (a) Subcontractor, an amount that is equal to the percentage of completion of the subcontractor's contract allowed by the owner for the amount of labor or work performed.
 {¶ 13} "* * * * If the contractor fails to comply with division (A)(1) of this section, the contractor shall pay the subcontractor or materialman, in addition to the payment due, interest in the amount of eighteen per cent per annum of the payment due, beginning on the eleventh day following the receipt of payment from the owner and ending on the date of full payment of the payment due plus interest to the subcontractor or materialman.
 {¶ 14} "* * * * If a contractor receives any final retainage from the owner for improvements to property, the contractor shall pay from that retainage each subcontractor and materialman his proportion of the retainage, within ten calendar days after receipt of the retainage from the owner, or within the time period provided in a contract, invoice, or purchase order between the contractor and the subcontractor or materialman, whichever time period is shorter, provided that the contractor has determined that the subcontractor's or materialman's work, labor, and materials have been satisfactorily performed or furnished and that the owner has approved the subcontractor's or materialman's work, labor, and materials.
 {¶ 15} "If the contractor fails to pay a subcontractor or materialman within the appropriate time period, the contractor shall pay the subcontractor or materialman, in addition to the retainage due, interest in the amount of eighteen per cent per annum of the retainage due, beginning on the eleventh day following the receipt of the retainage from the owner and ending on the date of full payment of the retainage due plus interest to the subcontractor or materialman."
 {¶ 16} The following schedule represents the job estimate numbers, the dates payment was received by Appellant from O.D.O.T., the amounts received, the dates payment was made to Appellee, and the court's determination of the accrual dates of interest on each to November 8, 2005, the trial date:
 JOB DATE DATE ACCRUED AMOUNT OF EST. NO. AMOUNT RECEIVED PAID DAYS INTEREST --------------------------------------------------------------------------- 11 $ 9,993.60 5/06/02 6/05/02 1270 $ 6,261.10 14 $ 8,607.68 6/16/02 7/08/02 1227 $ 5,214.75 15 $ 8,492.68 7/09/02 7/25/02 1206 $ 5,053.14 21 $22,528.65 10/08/02 10/31/02 1115 $12,387.65 22 $10,207.69 10/21/02 1/29/03 1100 $ 5,544.00 24 $ 1,080.74 11/29/02 1/29/03 1063 $ 563.39 25 $ 1,140.04 12/05/02 1/29/03 1057 $ 602.49 26 $ 5,185.78 12/18/02 1/29/03 1044 $ 2,672.64 27 $ 949.16 1/07/03 1/29/03 1024 $ 481.28 30 $ 7,545.94 2/19/03 3/13/03 981 $ 3,649.32 31 $ 6,237.65 3/06/03 3/27/03 944 $ 2,898.08 33 $ 4,189.11 4/07/03 4/28/03 934 $ 1,933.38 41 $29,226.78 8/02/03 8/27/03 817 $11,772.97 43 $10,155.94 9/03/03 9/18/03 785 $ 3,925.00 51 $26,159.20 12/31/03 2/27/04 666 $ 8,591.40 52 $ 4,285.34 1/20/04 2/27/04 645 $ 1,360.95 57 $ 5,126.65 3/31/04 5/14/04 576 $ 1,457.28 58 $57,682.55 4/18/04 5/14/04 558 $15,869.52 59 $ 8,981.13 5/03/04 5/21/04 543 $ 2,405.49 60 $39,415.78 5/18/04 6/23/04 528 $10,259.04 61 $24,056.29 6/03/04 6/23/04 512 $ 6,072.32 64 $23,630.89 7/19/04 8/18/04 469 $ 5,463.85 65 $21,663.52 7/31/04 9/21/04 454 $ 4,848.72 67 $63,227.19 8/31/04 9/23/05 423 $13,189.14 68 $34,057.55 10/01/04 9/23/05 392 $ 6,581.68 69 $27,660.07 10/07/04 9/23/05 384 $ 5,237.76 70 $ 662.50 10/18/04 9/23/05 377 $ 120.64 ___________ TOTAL: $144,416.98
 {¶ 17} It is clear that the trial court's interpretation of the Prompt Payment Act was to the effect that interest at 18% per annum accrues on unjustified withholding of payments beyond the allotted statutory grace period and continues to accrue until the combined total of principal and interest has been paid even though the principal due has been remitted.
 {¶ 18} We cannot agree with this conclusion. To do so would produce an unreasonable result, for example, if one cent in interest has not been paid, 18% would continue on the entire principal even if the paid principal of the contract were, per contract, in the millions of dollars.
 {¶ 19} Courts have a duty to construe statutes to avoid unreasonable results. State ex. Rel Webb v. Bliss (2003),99 Ohio St.3d 166; State ex rel. Sinay v. Sodders (1997),80 Ohio St.3d 224.
 {¶ 20} Revised Code 4113.61 speaks in terms of rate of interest, not on the debt to which such rate applies.
 {¶ 21} It states "eighteen percent per annum of the payment due . . .".
 {¶ 22} The payment due would be the unpaid balance of principal and accrued interest as the "interest due" be based on amounts already paid.
 {¶ 23} While it is difficult to find applicable definitions of terms such as "interest" since the basic concept is so readily understood, R.C. § 1321.01(6) and (10) provide some assistance.
 {¶ 24} "(6) `Interest-bearing loan' means a loan in which the debt is expressed as the principal amount and interest is computed, charged, and collected on unpaid principal balances outstanding from time to time.
 {¶ 25} "* * *
 {¶ 26} "(10) `Annual percentage rate' means the ratio of the interest on a loan to the unpaid principal balances on the loan for any period of time, expressed on an annual basis."
 {¶ 27} In each of these statutory references, the applicable rate is applied to the unpaid principal.
 {¶ 28} It has been argued by Appellee that had the Legislature in drafting the Prompt Payment Act intended a result other than as construed by the court, it would have done so.
 {¶ 29} However, the opposite is true, since the Legislature did not indicate an intention to apply the stated rate differently than as expressed in R.C. § 1321.01 or as in common usage, it would have so stated.
 {¶ 30} We therefore sustain the Assignment of Error, reverse and vacate the court's decision as to interest continuing to accrue on the principal of each estimate beyond the payment date of receipt by Appellee and remand this cause for further proceedings in accordance herewith.
 {¶ 31} Costs to Appellee.
Boggins, J. Wise, P.J., concurs separately Edwards, J., dissents.