[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Hills & Dales v. Plain Local School Dist. Bd. of Edn.,* Slip Opinion No. 2019-Ohio-5160.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-5160

THE STATE EX REL. HILLS AND DALES *v.* PLAIN LOCAL SCHOOL DISTRICT BOARD OF EDUCATION.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Hills & Dales v. Plain Local School Dist. Bd. of Edn.,* Slip Opinion No. 2019-Ohio-5160.]**

*Mandamus—Elections—R.C. 3311.242—Relator lacks standing to seek mandamus relief—Cause dismissed.*

(No. 2019-1660—Submitted December 11, 2019—Decided December 13, 2019.)

IN MANDAMUS.

————————

**Per Curiam.**

{¶ 1} In this expedited election case, relator, the village of Hills and Dales, seeks a writ of mandamus to compel respondent, the Plain Local School District Board of Education ("the Plain Local school board"), to forward to the Stark County Board of Elections a petition proposing the transfer of some of Plain Local

School District's territory to Jackson Local School District. We dismiss the complaint because the village lacks standing.

**Background**

{¶ 2} Ohio residents have long had the right under R.C. 3311.24 to propose the transfer of the territory in which they reside from one school district to another. Among other requirements, residents proceeding under R.C. 3311.24 must submit a petition to their current school board (signed by at least 75 percent of qualified electors in the territory to be affected) and receive the approval of the State Board of Education. *See* R.C. 3311.24(A)(1)(b) and (A)(4). This case involves a newly enacted alternative to R.C. 3311.24—R.C. 3311.242—that allows qualified electors of a township containing territory of two or more school districts to place a transfer proposal on an election ballot for approval or disapproval by voters. R.C. 3311.242, unlike R.C. 3311.24, does not require the transfer to be approved by the State Board of Education.

{¶ 3} To have a transfer proposal placed on a ballot under R.C. 3311.242, residents first must submit a petition (signed by at least 10 percent of qualified electors) to their current school board. R.C. 3311.242(C). Upon receiving such a petition, the school board "shall cause the board of elections [of the county in which the affected territory is located] to check the sufficiency of signatures on the petition." *Id.* If the board of elections confirms that the signatures are sufficient, it must certify the petition to the school board. *Id.* And once that certification occurs, the school board must promptly do two things: (1) file the proposal (and a map showing what territory would be transferred) with the State Board of Education and (2) certify the proposal to the board of elections for its placement on the ballot at the next election that is at least 90 days away. R.C. 3311.242(B).

{¶ 4} On October 29, 2019, the village's law director delivered to the Plain Local school board a petition proposing "that the territory bound by the geographic limits of Hills and Dales Village be transferred from Plain LSD to Jackson LSD

2

according to O.R.C. 3311.242 and [that] the transfer be effective for the beginning of the 2020-2021 school year." The petition seeks placement of the proposal on the March 17, 2020 primary-election ballot. To be placed on the March 2020 ballot, the Plain Local school board must certify the proposal to the board of elections no later than December 18, 2019. *See* R.C. 3311.242(B)(2).

{¶ 5} At a meeting on November 20, the Plain Local school board adopted a resolution that "tabled" the petition. The resolution explained that the Plain Local school board had filed a lawsuit in federal court challenging the constitutionality, legality, and enforceability of R.C. 3311.242. In its resolution, the Plain Local school board stated that it would not act on the petition until there is a final determination of the claims pending in federal court.

{¶ 6} On December 3, the village filed this original action seeking a writ of mandamus to compel the Plain Local school board to submit the petition to the board of elections for verification of the signatures on the petition. Assuming that the board of elections would certify the petition, the village also seeks an order compelling the Plain Local school board to (1) file the proposal and a map showing the boundaries of the territory to be transferred with the State Board of Education and (2) certify the proposal to the board of elections for placement on the March 2020 ballot.

{¶ 7} We expedited the case schedule at the village's request, and the case is fully briefed.

### The village lacks standing

{¶ 8} The Plain Local school board argues that the village lacks standing to seek mandamus relief in this case. We agree. R.C. 3311.242 authorizes only qualified electors to submit a transfer petition and does not even refer to—much less confer rights upon—municipal corporations. Without any rights arising under R.C. 3311.242, the village lacks authority to seek a writ of mandamus compelling the statute's enforcement.

{¶ 9} "Standing is a preliminary inquiry that must be made before a court may consider the merits of a legal claim." *Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 322, 2010-Ohio-6036, 944 N.E.2d 207, ¶ 9. "A party lacks standing to invoke the jurisdiction of the court unless [it] has, in an individual or representative capacity, some real interest in the subject matter of the action." *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 298 N.E.2d 515 (1973), syllabus. To have standing in a mandamus case, a relator must be "beneficially interested" in the case. *State ex rel. Spencer v. E. Liverpool Planning Comm.*, 80 Ohio St.3d 297, 299, 685 N.E.2d 1251 (1997); *see* R.C. 2731.02. "[T]he applicable test is whether [the] relators would be directly benefitted or injured by a judgment in the case." *State ex rel. Sinay v. Sodders*, 80 Ohio St.3d 224, 226, 685 N.E.2d 754 (1997).

{¶ 10} The village does not allege that it has authority—statutory or otherwise—to act on behalf of the electors who signed the petition. It also has not alleged that it would directly benefit from the issuance of a writ of mandamus in this case.

{¶ 11} This case is similar to an earlier case in which the village's standing was at issue. In 2004, residents of the village, pursuant to R.C. 3311.24, proposed a transfer of the territory marked by the village's boundaries from Plain Local School District to Jackson Local School District. After the State Board of Education disapproved the proposal, the village attempted to appeal that decision to the common pleas court, but the village's appeal was dismissed because its lack of standing deprived the court of subject-matter jurisdiction. *Hills & Dales v. Ohio Dept. of Edn.*, 10th Dist. Franklin No. 06AP-1249, 2007-Ohio-5156, ¶ 14. In that case, the village ultimately conceded that the electors—not the municipal corporation itself—had an interest in the proposed transfer. *See id.* at ¶ 10. Similarly, here, although the village may have an *indirect* interest in the transfer

proposal because its boundary defines the territory that would be transferred, it has not shown that it has a *direct* interest in the petition.

{¶ 12} The village nevertheless argues that the earlier case is not controlling because it did not arise in mandamus. The village contends that our decision in *Sinay* establishes standing in this case. But *Sinay* does not support the village's standing argument either. *Sinay* involved a request for a writ of mandamus to compel a municipal clerk to perform her duties concerning an initiative petition. 80 Ohio St.3d at 224, 685 N.E.2d 754. We held that a township and its trustees had standing to seek mandamus relief against the clerk because the initiative petition at issue proposed an ordinance approving an agreement to which the township was a party. *Id*. at 225-226. Because the township's contractual interests were at stake, the township and its trustees would directly benefit from issuance of a writ of mandamus. *Id*. at 226. The village does not have a similar direct interest here.

{¶ 13} The village also cites *State ex rel. Toledo v. Lucas Cty. Bd. of Elections*, 95 Ohio St.3d 73, 765 N.E.2d 854 (2002), in support of its claim that a municipality may have standing in a mandamus case involving an election issue. But as in *Sinay*, the relator in *Toledo* had a direct interest in gaining mandamus relief—the enforcement of its charter. *Id*. at 75. Again, the village has not identified any similar direct interest belonging to it as a municipal corporation.

Cause dismissed.

O'CONNOR, C.J., and KENNEDY, DEWINE, and STEWART, JJ., concur.

FRENCH and FISCHER, JJ., concur in judgment only.

DONNELLY, J., dissents and would grant the writ.

————————

Krugliak, Wilkins, Griffiths & Dougherty Co., L.P.A., Scott M. Zurakowski, Owen J. Rarric, Joseph J. Pasquarella, and Amanda M. Connelly, for relator.

Ulmer & Berne, L.L.P., Amanda Martinsek, William D. Edwards, Manju Gupta, Daniela Paez, Rex A. Littrell, and Rachael Rodman, for respondent.

_____