[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 318.]

OHIO CONTRACTORS ASSOCIATION, APPELLANT, *v.* BICKING, DIRECTOR, OHIO PUBLIC WORKS COMMISSION, ET AL., APPELLEES.

[Cite as *Ohio Contractors Assn. v. Bicking*, 1994-Ohio-183.]

*Civil procedure—Association representing private contractors lacks standing to challenge the legality of a village's bidding procedure on a storm sewer drainage project when its members fail to bid on the project.*

(No. 93-2034—Submitted November 29, 1994—Decided December 23, 1994.)

APPEAL from the Court of Appeals for Franklin County, No. 93AP-939.

―――――――――――

{¶ 1} On October 30, 1992, the village of South Point entered into a contract with the Ohio Public Works Commission to fund a storm sewer drainage project known as Garden Court Neighborhood Storm Drainage Improvements. The estimated cost of the project was $450,000. Of this amount, $370,000 was to be paid by the State Issue 2 Small Government Fund, $5,970 was to be financed through local public revenues and the village was to provide the remaining $74,030 from in-kind contributions, including labor by village employees and cash. Hence, as part of its funding, the village intended to use its own employees for the labor portion of the project and to pay them less than the prevailing wage. Even though the village had decided to employ its own workforce, it nevertheless advertised in the local paper for bids for the installation of the storm sewer.

{¶ 2} Ohio Contractors Association ("OCA"), a not-for-profit corporation and association of Ohio contractors, was upset with the village's decision not to competitively bid the labor portion of the sewer project. Therefore, OCA filed suit in the Franklin County Court of Common Pleas against W. Lawrence Bicking, Director of the Ohio Public Works Commission, and Pat Leighty, the village administrator of South Point. OCA sought to enjoin construction of the project and

disbursement of funds; it further asked the court to declare that defendants violated statutory bidding requirements and that the bidding procedure used by the village was unlawful.

{¶ 3} A two-day hearing was held before a trial-court referee. At the hearing, Leighty testified that he had told two prospective bidders that the village planned to proceed with the project by "force account." This meant that it would use its own employees to perform the labor rather than hire private contractors. Nonetheless, Leighty told these contractors they were welcome to submit bids. No bids were submitted. Nor did any contractor testify that he intended to bid the project. In fact, OCA's only contractor witness did not intend to submit a bid and did not even speak with anyone about submitting a bid until the actual bid date.

{¶ 4} The referee found that OCA had standing to bring the lawsuit and that the village was not obliged to competitively bid for the installation of the storm sewer. The referee recommended denying OCA's request for preliminary and permanent injunction.

{¶ 5} Both OCA and Leighty filed objections to the referee's report. Leighty specifically objected to that portion of the report wherein the referee found that OCA had standing to bring suit.

{¶ 6} The trial court overruled the objections of OCA. However, it sustained the village's objection as to standing. The trial court adopted the referee's report on all other grounds.

{¶ 7} OCA filed a timely appeal to the Franklin County Court of Appeals. The court of appeals chose not to resolve the standing issue, but instead reached the merits of the case and affirmed the trial court.

{¶ 8} The cause is now before this court pursuant to the allowance of a motion to certify the record.

———————————

*Schottenstein, Zox & Dunn* and *Roger L. Sabo*, for appellant.

*Lee Fisher*, Attorney General, and *Doug S. Musick*, Assistant Attorney General, for appellees W. Lawrence Bicking, Director of the Ohio Public Works Commission, and David Kern, Administrator, Ohio Small Government Capital Improvements Commission.

*Vorys, Sater, Seymour & Pease*, *G. Ross Bridgman* and *Michael N. Barnett*, for appellee Pat Leighty, village administrator.

*John E. Gotherman* and *Malcolm C. Douglas*, urging affirmance for *amici curiae*, Ohio Municipal League and Ohio Municipal Attorneys Association.

_____

**FRANCIS E. SWEENEY, SR., J.**

{¶ 9} Ohio Contractors Association asks this court to decide the legality of a village's decision to use its own, regularly employed workforce on a public project and to pay them less than the prevailing wage rather than competitively bid the work to outside contractors. Since we find that OCA does not have standing, we decline to reach the merits of this case. Instead, we dismiss the cause due to OCA's lack of standing.

{¶ 10} The question of standing is whether a litigant is entitled to have a court determine the merits of the issues presented. *Warth v. Seldin* (1975), 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343, 354.

{¶ 11} In this case, OCA seeks legal redress in its capacity as an association representing private contractors. In *Hunt v. Washington State Apple Advertising Comm.* (1977), 432 U.S. 333, 343, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383, 394, The United States Supreme Court has held that an association has standing on behalf of its members when "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." However, to have standing, the association must establish that its members have suffered actual injury. *Simon*

*v. E. Kentucky Welfare Rights Org.* (1976), 426 U.S. 26, 40, 96 S.Ct. 1917, 1925, 48 L.Ed.2d 450, 460-461; *Warth*, *supra* at 511, 95 S.Ct. at 2211-2212, 45 L.Ed.2d at 362. To be compensable, the injury must be concrete and not simply abstract or suspected. See *State ex rel. Consumers League of Ohio v. Ratchford* (1982), 8 Ohio App.3d 420, 424, 8 OBR 544, 548, 457 N.E.2d 878, 883.

{¶ 12} OCA has failed to satisfy this burden. The evidence clearly shows that no outside bids were ever submitted on this project. The only contractor to testify on behalf of OCA neither submitted a bid nor intended to submit a bid. Thus, no aggrieved contractor exists. OCA has failed to prove that any of its members have suffered actual injury. Clearly, under the facts of this case, where no bid was submitted and there was consequently no concrete injury suffered by any private contractor, OCA does not have the standing to challenge the legality of the village's bidding procedure. We hold that a contractor's association lacks standing to pursue a cause of action in a representative capacity where its members fail to bid on the project in question.

{¶ 13} Accordingly, for the reason that OCA lacks standing, we affirm the judgment of the court of appeals, and dismiss the instant cause.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and PFEIFER, JJ., concur.

———————————