JOURNAL ENTRY AND OPINION
{¶ 1} Justine Modesty and her son, Lyle Modesty, appeal from a decision of the trial court that granted summary judgment in favor of her insurer, Scottsdale Surplus Lines Insurance Co. ("Scottsdale") on a breach of contract claim. The Modestys dispute the trial court's findings that Lyle Modesty lacked standing to sue and its finding that Scottsdale complied with the terms of the contract when calculating depreciation. We affirm.
 {¶ 2} Justine and Lyle Modesty jointly own a home at 9201 Quincy Avenue in Cleveland. Although neither party was living at the home, Lyle returned periodically to make repairs. On the afternoon of October 18, 2002, the Modestys stopped at the Quincy Avenue property when they noticed that the home had been vandalized. Since Justine Modesty had vandalism insurance through Scottsdale Surplus Lines Insurance Co. ("Scottsdale"), she notified Scottsdale in early November of the damage to the property.
 {¶ 3} On November 11, 2002, Claims Adjuster Dale Krumheuer went to the home to inspect the alleged damage. During the next two months, Mr. Krumheuer inspected the home approximately four times because of repeated and updated damage and theft claims from Ms. Modesty. Mr. Krumheuer noted in his reports that the property was in extreme disrepair and appeared to have been neglected for some time. He remarked that the property was missing kitchen cabinetry, appliances and a sink, and he found that the bathroom sink and toilet were also missing.
 {¶ 4} Based on its agent's determinations, Scottsdale found that there were $6,632.38 in actual damages. However, allowing for depreciation and age, Scottsdale determined that the cash value of the damage was $3,980.56. It then paid this depreciated amount, less the $1,000 deductible, in January 2003. The following month, Ms. Modesty requested an additional $975 to board up the property, which Scottsdale paid in February 2003.
 {¶ 5} In October 2003, the Modestys filed suit against Scottsdale and Four Star Insurance Agency ("Four Star") for breach of contract and bad faith.[1] The Modestys' remaining claim against Scottsdale alleged that the amount it paid under the policy was far below the amount needed to actually repair the property and sought $20,700 for repairs, $4,000 for resulting property damage, and $20,700 in punitive damages. On January 23, 2004, Scottsdale moved for summary judgment, which the trial court subsequently granted. It is from this order that the Modestys appeal, pro se, in a single assignment of error, which appears to contest the decision on grounds of bad faith and lack of standing.
 {¶ 6} Lyle first disputes the trial court's finding that he lacks standing to sue and claims that he has such a right both because he is part owner of the home and because he has power of attorney on behalf of his mother.
 {¶ 7} In order to consider the legal merits of a claim, the person seeking relief must first establish standing to sue. OhioContractors Assn. v. Bicking, 71 Ohio St.3d 318, 320,1994-Ohio-183. Moreover, if a person is a party to the contract for insurance or satisfies the definition of the term "insured" as set out in the policy, he or she would have standing to sue the insurer. Fry v. Walters Peck Agency, Inc. (2001),141 Ohio App.3d 303.
 {¶ 8} The contract at issue lists only Justine Modesty as the "named insured," and defines "insured" as including a spouse, if that person is a resident of the same house. Because Lyle is Ms. Modesty's son, he does not qualify as a named insured under the specific terms of the policy. Further, and despite Lyle's claimed power of attorney for his mother, he never submitted this evidence to the court. Lyle Modesty, therefore, was not a named insured under the Scottsdale contract and did not have standing to sue.
 {¶ 9} Even if this court were to proceed directly to the legal issues raised solely by Ms. Modesty, summary judgment was nonetheless appropriate. In reviewing an award of summary judgment, this court must apply a de novo standard of review.Cole v. American Industry Resources Corp. (1998),128 Ohio App.3d 546, 552. We apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. State ex rel. Parsonsv. Fleming, 68 Ohio St.3d 509, 511, 1994-Ohio-172. "A `material fact' depends on the substantive law of the claim being litigated." Hoyt, Inc. v. Gordon Assocs., Inc. (1995),104 Ohio App.3d 598, 603, citing Anderson v. Liberty Lobby, Inc.
(1986), 477 U.S. 242, 247-248.
 {¶ 10} Five days after receiving notification of the vandalism claim, Scottsdale sent a claims agent to the home to assess damage. The agent returned to the home approximately four times because of Ms. Modesty's continued claims of damaged or stolen property. The inspector then prepared a report assessing the amount due solely under the vandalism claims, as theft was not covered under the terms of the contract. The specific language of the Scottsdale policy states in pertinent part:
"5. Loss Settlement. Covered property losses are settled at actual cash value at the time of loss but not more than the amount required to repair or replace the damaged property."
 {¶ 11} Scottsdale used the figures received by its agent and adjusted the actual replacement costs, less depreciation. This cost was then adjusted to show the actual cash value (ACV) to be paid to Ms. Modesty. "Actual cash value is established by one of two methods in Ohio: market value of the property at the time of loss, or the cost of repairs minus depreciation, if any." Asmarov. Jefferson Ins. Co. of New York (1989), 62 Ohio App.3d 110,115. In Ohio, in the absence of any special limiting contractual term such as "actual cash value," apparently either measure of damages is acceptable in computing the amount of the loss.Burden v. New Hampshire Ins. Co. (Jan. 6, 1982), Hamilton County App. No. C-800953; see, also, Northwestern Ohio NaturalGas Co. v. First Congregational Church (1933), 126 Ohio St. 140.
 {¶ 12} The insurance contract at issue contained no language limiting Scottsdale to a particular valuation method; Scottsdale was therefore within its rights to determine the ACV by either the market value of the property or by the cost of repair/reproduction less depreciation for age and condition.
 {¶ 13} As to any additional claim that Scottsdale deliberately "low balled," i.e., deliberately underpaid the Modestys, the Modestys failed to set forth any evidence to support this claimed bad faith. The trial court itself also noted the lack of evidence, finding that "[a]s Plaintiff is pro se, and the discovery process appears to have been a convoluted mess in this case, the court shall rule based on the actual evidence presented." Judgment Entry at 3.
 {¶ 14} Because Scottsdale was within its rights to choose a method of calculating the ACV due to Ms. Modesty and because Ms. Modesty failed to set forth any additional evidence supporting her contention of Scottsdale's bad faith in paying the claim, the trial court properly granted summary judgment in favor of Scottsdale.
 {¶ 15} Ms. Modesty's sole assignment of error lacks merit.
 {¶ 16} The ruling of the trial court is affirmed.
It is ordered that appellee shall recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Blackmon, J., Concur.
[1] Four Star was granted judgment on the pleadings and dismissed from the suit.