MEMORANDUM OPINION
{¶ 1} On July 18, 2006, appellants, Gregg N. Battersby and Amy Battersby, filed a notice of appeal from a Lake County Court of Common Pleas judgment entry dated June 30, 2006.
 {¶ 2} In the June 30, 2006 entry, the trial court vacated a portion of the February 1, 2006 judgment entry which partially denied the motion for summary judgment of appellees, Lake County, Ohio, John S. Crocker, Edward Zupancic, Daniel Troy, Raymond Sines, and Robert Aufuldish. The trial court also rendered summary judgment in favor of appellees and against appellants. It is from that entry that appellants filed their notice of appeal.
 {¶ 3} On July 26, 2006, appellees filed a motion to dismiss the appeal for mootness. Appellees claim that since appellants have transferred their title to the real estate at issue in this matter to another party, Jack Battersby, their complaint and this appeal is now moot since there is no longer a real, justiciable controversy warranting the issue of a declaratory judgment between the parties.
 {¶ 4} Appellants filed a memorandum in opposition to appellees' motion to dismiss on August 9, 2006. In their memorandum in opposition, appellants claim that because they have challenged the validity of the debt and have already paid a portion of the debt, they have a personal stake in the outcome of this appeal.
 {¶ 5} In order to be successful in an action for declaratory relief, a party must establish "(1) a real controversy between the parties, (2) a justiciable controversy, and (3) a situation where speedy relief is necessary to preserve the rights of the parties." Haig v. Ohio State Bd.of Edn. (1992), 62 Ohio St.3d 507, 511.
 {¶ 6} Real estate taxes run with the land and continue to be charged against the land until they are paid. S. Ohio Sav. Bank Trust Co. v.Bolce (1956), 165 Ohio St. 201, 208. In the case at bar, the person on notice of the amount of tax liens that have been levied against the real estate is Jack Battersby and not appellants.
 {¶ 7} Furthermore, it is well settled that "the right to appeal can be exercised only by those parties who are able to demonstrate a present interest in the subject matter of the litigation which has been prejudiced by the judgment of the lower court." Willoughby Hills v. C.C.Bar's Sahara, Inc. (1992), 64 Ohio St.3d 24, 26, citing Ohio ContractCarriers Assn., Inc. v. Pub. Util. Comm. (1942), 140 Ohio St. 160, 161. In other words, standing to appeal "'lies only on behalf of a party aggrieved by the final order appealed from. Appeals are not allowed for the purposes of settling abstract questions, but only to correct errors injuriously affecting the appellant.'" Id. One must be able to demonstrate that one has a present interest in the litigation and that the lower court's judgment caused prejudice. In re Love (1969),19 Ohio St.2d 111, 113. A "real party in interest" is a person who has a real interest in the subject matter of the litigation, and not just an interest in the action itself. West Clermont Edn. Assn. v. West ClermontLocal Bd. of Edn. (1980), 67 Ohio App.2d 160, 162.
 {¶ 8} In the matter at hand, it is undisputed that appellants transferred the real estate in question to Jack Battersby on June 21, 2006, which was prior to the trial court's June 30, 2006 entry granting summary judgment to appellees. In fact, appellants admit that they transferred the property. Since appellants transferred the real estate to Jack Battersby, he is the individual charged with the taxes. Thus, appellants no longer own the real property and do not have standing to pursue this appeal. As a result, they do not currently have a tax debt controversy with appellees.
 {¶ 9} Appellants allege that they have an interest in the appeal due to their recent payment of a portion of the back taxes. However, if the portion of the taxes paid by appellants could be recouped, that issue is not properly before us in this appeal as it was never litigated in the trial court.
 {¶ 10} Accordingly, appellees' motion to dismiss is granted.
 {¶ 11} Appeal dismissed.
CYNTHIA WESTCOTT RICE, J., concurs,
WILLIAM M. O'NEILL, J., dissents with Dissenting Opinion.