OPINION *Page 2 
{¶ 1} Appellant, Gregg Battersby, appeals from the judgment entry of the Lake County Court of Common Pleas dismissing his counterclaim against the Lake County Treasurer. For the reasons set forth below, the instant appeal is dismissed.
 {¶ 2} On September 28, 2006, the Lake County Treasurer ("appellee") filed a complaint for the foreclosure of liens for delinquent taxes, assessments, charges, penalties, and interest against real estate located at 8569 Billings Road, Kirtland, Ohio, Permanent Parcel No. 20A-021-00-022-0 titled in the name of Jack Battersby. Appellant was listed as an "interested party" in the action pursuant to R.C. 5721.18.
 {¶ 3} Appellant subsequently filed his answer and asserted a counterclaim against appellee alleging causes of action for fraud, breach of fiduciary duty, and intentional infliction of emotional distress. Appellant alleged that appellee misrepresented that taxes were owed and refused to accept payment by certified check and by tendering gold coins.[1] Appellant further alleged that appellee breached a fiduciary duty it owed him by failing to properly credit the payments. Finally, appellant alleged he was caused emotional distress by appellee inappropriately and intentionally refusing to accept appellant's tender of payment.
 {¶ 4} On December 12, 2006, the trial court granted appellee's motion to dismiss appellant's counterclaim based upon the doctrine of res judicata. In particular, the court ruled that appellant had previously filed a declaratory judgment action (Case *Page 3 
No. 05CV000993) pertaining to the discharge of the tax debt, and that any claims relating to the alleged tender of payment were barred.
 {¶ 5} Appellant now appeals and asserts the following error:
 {¶ 6} "The trial court erred in finding that appellant's counterclaim complaint was barred by res judicata."
 {¶ 7} Under his sole assignment of error, appellant argues the trial court could not dismiss his counterclaim pursuant to the doctrine of res judicata because the claims before the court had not been actually litigated.
 {¶ 8} Although neither briefed nor argued, we must consider appellant's standing to appeal the underlying matter. Because the issue of standing is jurisdictional in nature, a court may raise it sua sponte. Buckeye Foods v. Cuyahoga Cty. Bd. Of Revision,78 Ohio St.3d 459, 460, 1997-Ohio-1999; see, also, State ex rel. Intl. Assn. ofFirefighters, Local 381, AFL-CIO v. The City of Findlay, 3d Dist. No. 5-05-21, 2006-Ohio-1774, at ¶ 17. "It is well established that before an Ohio court can consider the merits of a legal claim, the person seeking relief must establish standing to sue." State ex rel. Ohio Academy ofTrial Lawyers v. Sherward, 86 Ohio St.3d 451, 469, 1999-Ohio-123. Further, "[a]ppeal lies only on behalf of a party aggrieved by the final order appealed from. Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant." Ohio Contract Carriers Assn. v. Pub. Util. Comm. (1942), 140 Ohio St. 160, syllabus. The right to appeal may be exercised only by those who have a present interest in the subject matter of the litigation and who have been prejudiced or injured by the judgment of the trial court. *Page 4 Willoughby Hills v. C.C. Bar's Sahara, Inc., 64 Ohio St.3d 24, 26,1992-Ohio-111; see, also, Ohio Contractors Assn. v. Bicking,71 Ohio St.3d 318, 320, 1994-Ohio-183.
 {¶ 9} In Battersby v. Lake Co. Ohio, 11th Dist. No. 2006-L-149,2006-Ohio-6873, the appeal from Case No. 05CV000993, this court dismissed appellant's appeal from the trial court's order declining to discharge the back taxes. This court determined appellant lacked standing to appeal because he had transferred ownership in the underlying property to one Jack Battersby prior to the trial court's final judgment. Without an ownership interest, appellant did not have a tax debt controversy with appellee. Id. at ¶ 8. Therefore, appellant was not a "real party in interest" and did not have standing to pursue the appeal.
 {¶ 10} "Issue preclusion [or collateral estoppel] * * * serves to prevent relitigation of any fact or point that was determined by a court of competent jurisdiction in the previous action between the same parties or their privies. * * * Issue preclusion applies even if the causes of action differ." O'Nesti v. DeBartolo Realty Corp,113 Ohio St.3d 59, 60, 2007-Ohio-1102.
 {¶ 11} In its brief, appellee notes that appellant was listed as a defendant in the underlying action as an "interested party" pursuant to R.C. 5721.18. Reviewing the complaint, appellant is listed as a party with a "potential interest" in the property. However, as we observed inBattersby, supra, appellant was stripped of any interest in the subject property, particularly as it pertained to tax debt matters, when ownership of the property was transferred to Jack Battersby on June 21, 2006. Id. at ¶ 8. The record does not indicate appellant has regained his former ownership interest subsequent to our holding. Because we have previously held appellant possessed no interest in the *Page 5 
real estate in question, he is collaterally estopped from pursing his counterclaims relating to appellee's alleged refusal to accept his back tax payments. Pursuant to our holding in Battersby, appellant had no standing to assert his counterclaims. In this respect, the trial court lacked jurisdiction to entertain appellant's counterclaims.
 {¶ 12} For the foregoing reasons, appellant's sole assignment of error is without merit and the instant appeal is dismissed.
DIANE V. GRENDELL, J., MARY JANE TRAPP, J., concur.
[1] In his counterclaim, appellant asserted he tendered a certified check in the amount of $5,547.43 to pay the alleged tax debt. However, appellant claimed the Lake County Auditor returned the check in full without applying the payments to the debt. Appellant then asserts he tendered payment in full "for each tax year, 2000 to 2005" with United States gold coins. Appellant claimed this means of payment was also refused. *Page 1