DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiff-Appellant, Thomas McFall, appeals from the decision of the Vinton County Court of Common Pleas, Juvenile Division, dismissing his complaint for child visitation. Because the child's mother was unwed at the time of the child's birth and Appellant is a relative of the mother, R.C. 3109.12 gives Appellant standing to file a complaint for visitation. As such, the trial court's decision to dismiss his complaint for lack of standing was error. *Page 2 
 I. Facts {¶ 2} This case involves Appellant's assertion of visitation rights with a minor child. The child's biological parents are Iva McFall and Craig Watson. Appellant in this action, Thomas Mcfall, is the husband of Iva Mcfall. Appellant is not an adoptive parent of, nor does he have a biological relationship to, the child.
 {¶ 3} The child was born in July of 2004. At the time, Iva Collins[1], the mother, was unmarried and living in the home Appellant shared with his mother, Kathleen Adkins.[2] The child lived in Appellant's and Adkins' home until June of 2006. Appellant asserts that he and Adkins were the sole source of financial and medical support for the child during that period, as Iva Collins was unemployed and did not provide for her daughter.
 {¶ 4} Due to Iva Collins' continuing substance abuse problems, Vinton County Children Services filed an action alleging child neglect. The trial court granted temporary custody of the child to the Vinton County Department of Job and Family Services. In June of 2006, the child was removed from Appellant's and Adkins' home and placed in the home of Appellees, her paternal grandparents. *Page 3 
 {¶ 5} In October of 2006, Appellant and Iva Collins married. Currently, though they remain married, they do not live together and there are civil protection orders in effect between them.
 {¶ 6} In August of 2007, the court terminated the temporary custody of the Vinton County Court of Common Pleas over the child and granted custody to Appellees. Iva McFall agreed to the custody order. Subsequently, Appellant brought a complaint seeking visitation rights with the child. The trial court dismissed the complaint on the basis that Appellant had no standing to participate in the proceedings. In it's order, the trial court stated "Thomas McFall is not the biological father of [the child]. As such, he has no standing to bring a complaint for visitation * * * ." Appellant challenges the trial court's decision in the current appeal.
 II. Assignments of Error {¶ 7} 1. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING THE MOTION TO DISMISS WHERE THERE WAS A FACTUAL DISPUTE BETWEEN THE PARTIES, AND WHERE THE PLAINTIFF ALLEGED A SET OF FACTS THAT WOULD ENTITLE THE PLAINTIFF TO RELIEF OR AT LEAST EVIDENTIARY HEARING [SIC].
 {¶ 8} 2. THE TRIAL COURT COMMITTED PLAIN ERROR AND ERRED AS A MATTER OF LAW WHEN IT DETERMINED THAT THOMAS McFALL DID NOT HAVE STANDING TO BRING A COMPLAINT FOR VISITATION UNDER R.C. 3109.12, R.C. 3109.051 ON THE GROUNDS THAT THOMAS McFALL IS NOT THE BIOLOGICAL FATHER OF THE CHILD AND WHERE THOMAS McFALL IS RELATED TO THE MOTHER BY *Page 4 
AFFINITY. THE TRIAL COURT ALSO ABUSED ITS DISCRETION IN DISMISSING THE COMPLAINT ON THE GROUNDS THAT THOMAS McFALL WAS NOT THE CHILD'S BIOLOGICAL FATHER.
 {¶ 9} 3. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT TOOK JUDICIAL NOTICE IN THIS ACTION OF MATTERS FILED IN 20750062 AND 20530062 AFTER A PRIOR FINDING IN 20530062 WAS MADE THAT THE PARTIES TO THIS PROCEEDING WERE NOT PARTIES TO CASE NO. 20530062.
 III. Standard of Review {¶ 10} We address Appellant's assignments of error out of order and first consider his second assignment of error. In that error, he challenges the trial court's decision to dismiss Appellant's complaint due to lack of standing.
 {¶ 11} "The question of standing is whether a litigant is entitled to have a court determine the merits of the issues presented." OhioContractors Association v. Bicking (1994), 71 Ohio St.3d 318, 320,1994-Ohio-183, 643 N.E.2d 1088. "Whether established facts confer standing to assert a claim is a matter of law." Portage City Board ofCommissioners v. Akron, 109 Ohio St.3d 106, 2006-Ohio-954,846 N.E.2d 478, at ¶ 90. Appellate courts review questions of law under a de novo standard of review. Skirvin v. Kidd, 174 Ohio App.3d 273,2007-Ohio-7179, 881 N.E.2d 914, at ¶ 14. Thus, as a preliminary matter and without deference to *Page 5 
the trial court, we must determine whether Appellant had standing to bring the complaint for visitation rights.
 IV. Legal Analysis. {¶ 12} As Appellant correctly notes, there are three Ohio Revised Code sections that deal with non-parental visitation rights and minor children: R.C. sections 3109.11, 3109.051(B)(1) and 3109.12. The first section, R.C. 3109.11 applies "[i]f either the father or mother of an unmarried minor child is deceased * * * ." Because, in the case at hand, both of the minor child's parents are living, R.C. 3109.11 clearly has no application to the issue of Appellant's standing. The next section, R.C. 3109.051(B)(1), applies in instances of" * * * divorce, dissolution of marriage, legal separation, annulment, or child support proceeding that involves a child * * * ." Again, in the case sub judice, none of these conditions apply. Accordingly, for Appellant to have standing in this matter, that standing must arise from the remaining Revised Code section, section 3109.12.
 {¶ 13} RC. 3109.12 states, in pertinent part: "(A) If a child is born to an unmarried woman, the parents of the woman and any relative of the woman may file a complaint requesting the court of common pleas of the county in which the child resides to grant them reasonable companionship or *Page 6 
visitation rights with the child." * * * (B) The court may grant the parenting time rights or companionship or visitation rights requested under division (A) of this section, if it determines that the granting of the parenting time rights or companionship or visitation rights is in the best interest of the child. * * * The marriage or remarriage of the mother or father of a child does not affect the authority of the court under this section to grant the natural father reasonable parenting time rights or the parents or relatives of the natural father or the parents or relatives of the mother of the child reasonable companionship or visitation rights with respect to the child."
 {¶ 14} Appellant argues that R.C. 3109.12 is applicable in this instance and, thus, gives him standing to seek visitation with the child. Appellant notes that, as required under the statute, Iva McFall was unmarried at the time the child was born. Further, by virtue of their marriage, Appellant claims that he is her relative within the meaning of the statute. He argues that though he is not the biological father of the child, the fact is irrelevant to a determination of his standing under R.C. 3109.12. He asserts he has standing under R.C. 3109.12 because the statute also applies to family members related by affinity.
 {¶ 15} When the child was born, Appellant had no legal relationship with either the mother or the child. Though the child lived with Appellant *Page 7 
after her birth in 2004, Appellant did not marry Iva Collins until 2006. When Appellant married Collins, temporary custody of the child had already been granted to the Vinton County Department of Job and Family Services and the child had been placed with Appellees, her paternal grandparents. Thus, he became the child's step-father only after the child's mother no longer had custody and the child was no longer residing in Appellant's home. However, under R.C. 3109.12, "any relative of the woman" has standing to file a complaint for visitation. As such, if Appellant is a relative of Iva McFall within the context of R.C. 3109.12, he has standing to file a complaint for visitation.
 {¶ 16} Ohio courts have found that step-relations are "relatives" for the purposes of non-parental visitation statutes. The court inGoller v. Lorence addressed the meaning of the term within the context of R.C. 3109.11. "In R.C. 3109.11, the legislature has used broader language than the statutes interpreted by the above courts, using only the term `relatives' with no modifiers * * * . By using the term `relative', the legislature has not differentiated between relationships by consanguinity and relationships by affinity." Goeller v.Lorence, 9th Dist. No. 06CA008883, 2006-Ohio-5807, at ¶ 16. Further, in RC. 3109.051(D), another of the three statute dealing with non-parental visitation rights, one of the factors to be considered is *Page 8 
"[t]he prior interaction and interrelationships of the child with the child's parents, siblings, and other persons related by consanguinity oraffinity * * * ." (Emphasis added.) As such, the term "relative," in R.C. 3109.12, includes those persons related by affinity.
 {¶ 17} Accordingly, because Iva McFall was unmarried at the time of the child's birth, and because Appellant, as her husband, is a relative by affinity, we find he has standing to seek visitation under R.C. 3109.12. The trial court's decision to dismiss Appellant's complaint due to lack of standing was error. Thus, we sustain Appellant's second assignment of error and overrule the decision of the trial court. Appellant's other assignments of error are rendered moot by our decision.
JUDGMENT REVERSED AND CAUSE REMANDED.
[1] Iva Collins became Iva McFall upon her marriage with Appellant in October of 2006.
[2] Kathleen Adkins is the appellant in a companion case to the case sub judice.