[Cite as *State ex rel. Siegelman v. Baldwin*, 2025-Ohio-1628.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel.] Scott Siegelman, | : | |
| Relator-Appellant, | : | |
| | : | No. 23AP-625 |
| v. | : | (C.P.C. No. 22CV-8084) |
| Dallas Baldwin, | : | (REGULAR CALENDAR) |
| Franklin County Sheriff, | : | |
| Respondent-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on May 6, 2025

**On brief:** *Scott Siegelman*, pro se. **Argued:** *Scott Siegelman*.

**On brief:** [*Shayla D. Favor*], Prosecuting Attorney, and *Charles R. Ellis*. **Argued:** *Charles R. Ellis*.

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Relator-appellant, Scott Siegelman, appeals from the decision of the Franklin County Court of Common Pleas granting the motion to dismiss under Civ.R. 12(B)(6) of respondent-appellee, Dallas Baldwin, Franklin County Sheriff, and dismissing his petition for a writ of mandamus. The trial court properly dismissed the petition and entered judgment in favor of the sheriff. However, we affirm the judgment not because Mr. Siegelman failed to state a claim upon which relief may be granted, but because Mr. Siegelman alleged no legally cognizable injury or beneficial interest to demonstrate the standing necessary to petition the trial court for relief in mandamus.

{¶ 2} Mr. Siegelman commenced this action by filing a petition for a writ of mandamus in the trial court on November 17, 2022. He alleged that the Franklin County Sheriff's Office did not comply with R.C. 2329.211, which governs the amount a purchaser who is not a judgment creditor must deposit at a foreclosure auction of residential property, when conducting sales of property sold to satisfy tax debts. The statute provides for deposits ranging from two to ten thousand dollars, depending on the appraised value of the property. *See* R.C. 2329.211(A)(1)(a)—(c). Mr. Siegelman alleged that he had contacted the sheriff's office and "advis[e]d them that their practices were not in conformance with the requirements set for sheriff sale deposits" in the statute, but representatives there "refused to alter their practice." (Nov. 17, 2022 Petition at ¶ 1.) The specific practice that motivated his request for a writ of mandamus, although not expressly alleged, was that the deposit amount required for tax foreclosures exceeded the statutory amount required for creditor-initiated foreclosures. Attached to the complaint was a list of properties with deposit requirements in excess of what R.C. 2329.211(A)(1) would have allowed, based on the appraisals of the Franklin County Auditor. (Ex. 1, Petition) Mr. Siegelman also attached email correspondence between himself and Mary Johnson, Chief Counsel of the Tax Unit at the Franklin County Prosecutor's Office, in which Ms. Johnson informed him that R.C. 2329.211 "is not utilized in tax foreclosure actions." (Ex. 4, Petition.)

{¶ 3} Mr. Siegelman sought a writ of mandamus "directing the Franklin County Sheriff to . . . determine the appraised value" for "every property" sold by referencing the auditor's appraisal values and requiring deposit amounts "in accordance with" R.C. 2329.211. (Petition at 5.) He alleged that he had "a clear right to the requested relief" because he "participates in Sheriff sales in Ohio," and that the Franklin County Sheriff's Office had "a clear legal duty to collect deposits in accordance with the law, and not on any other basis." *Id.* at ¶ 10.

{¶ 4} The Franklin County Prosecutor, on behalf of the Franklin County Sheriff's Office, filed a motion to dismiss Mr. Siegelman's petition under Civ.R. 12(B)(6) on December 16, 2022. It argued that the Sheriff's Office had already complied with R.C. 2329.211 when it listed the deposit requirements for all properties required under the statute. (Dec. 16, 2022 Mot. to Dismiss at 4.) The prosecutor pointed to R.C. 2329.22, which states: "All lands, the property of individuals, indebted to the state for debt, taxes, or

in any other manner shall be sold without valuation for the discharge of such debt or taxes." Because property sold for tax debt is sold without valuation, the deposit requirements of R.C. 2329.211 based on appraisal values did not apply, the prosecutor argued. Furthermore, the matter was moot because "[t]he Franklin County Sheriff's Office always lists the applicable deposits," the prosecutor argued. (Mot. to Dismiss at 5.) In other words, the sheriff was already doing what the statute required, so the relief he sought—"to collect deposits in accordance with the law"—could not be granted. (Petition at ¶ 10.)

{¶ 5} In response, Mr. Siegelman argued that the prosecutor had "falsely" represented that the sheriff's deposits accorded with R.C. 2329.211, which "lists only three possibilities" for deposit amounts. (Jan. 1, 2023 Petitioner's Resp. at 1.) "Any other amounts for deposits do not adhere to the statute," he argued, with no response to the prosecutor's argument that, as property sold without valuation for tax debt, the statute did not apply to the properties in question.

{¶ 6} The trial court granted the motion to dismiss on September 24, 2023. The trial court ruled that the sheriff was "already in compliance" with R.C. 2329.211, as the properties that Mr. Siegelman listed in the exhibit attached to his petition were "property of individuals indebted to the state for debt, taxes, etc., and [were] not required to be appraised or valued for the discharge of such debt or taxes." (Sept. 24, 2023 Decision & Entry at 3.) The trial court considered the claim for relief moot, granted the motion to dismiss, and entered judgment in favor of the Franklin County Sheriff.

{¶ 7} Mr. Siegelman has appealed and asserts the following assignment of error:

> The Trial Court erred in dismissing Appellant's claim as moot based on concluding that the security deposit requirements of R.C. 2329.211 are superseded and obviated by R.C. 2329.22, which shows that a property may be sold without valuation for the discharge of debts and taxes owed.

{¶ 8} An appellate court applies a de novo standard when reviewing a trial court's decision granting a motion to dismiss under Civ.R. 12(B)(6). *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5. Under Civ.R. 12(B)(6), a party may file a motion to dismiss asserting that the complaint fails to state a claim upon which relief may be granted. A motion to dismiss under Civ.R. 12(B)(6) "is a procedural mechanism that tests the sufficiency of the allegations in the complaint." *State Auto. Mut. Ins. Co. v. Titanium Metals Corp.*, 2006-

Ohio-1713, ¶ 8, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). The court considering the motion "must examine the complaint to determine if the allegations provide for relief on any possible theory." *Id.*, quoting *Fahnbulleh v. Strahan*, 73 Ohio St.3d 666, 667 (1995). In addition, the court "must accept the material allegations of the complaint as true and make all reasonable inferences in favor of the plaintiffs." *Maitland v. Ford Motor Co.*, 2004-Ohio-5717, ¶ 11. "In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6), it 'must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling' " the plaintiff to relief. *Doe v. Greenville City Schools*, 2022-Ohio-4618, ¶ 8, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus, following *Conley v. Gibson*, 355 U.S. 41 (1957).

{¶ 9} "A writ of mandamus is an extraordinary remedy, exercised by this court with caution and issued only when the right is clear." *State ex rel. Brown v. Ashtabula Cty. Bd. of Elections*, 2014-Ohio-4022, ¶ 11, citing *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165 (1977) and *State ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581 (1953). A relator seeking a writ of mandamus must show "(1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law." *State ex rel. Harris v. Rhodes*, 54 Ohio St.2d 41, 42 (1978), citing *State ex rel. Natl. City Bank v. Bd. of Edn.*, 52 Ohio St.2d 81 (1977).

{¶ 10} "Before an Ohio court can consider the merits of a legal claim, the person or entity seeking relief must establish standing to sue." *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 2007-Ohio-5024, ¶ 27, citing *Ohio Contrs. Assn. v. Bicking*, 71 Ohio St.3d 318, 320 (1994). Thus, as with all who seek redress in Ohio's courts, a relator in mandamus must have standing to request the writ. "Traditional standing principles require litigants to show, at a minimum, that they have suffered '(1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief.' " *ProgressOhio.org, Inc. v. JobsOhio*, 2014-Ohio-2382, ¶ 7, quoting *Moore v. Middletown*, 2012-Ohio-3897, ¶ 22. "To have standing in a mandamus case, a relator must be 'beneficially interested' in the case." *State ex rel. Hills & Dales v. Plain Local School Dist. Bd. of Edn.*, 2019-Ohio-5160, ¶ 9, quoting *State ex rel. Spencer v. E. Liverpool*

*Planning Comm.*, 1997-Ohio-77 (1997). Regarding a relator's beneficial interest, "the applicable test is whether relators would be directly benefited or injured by a judgment in the case." *State ex rel. Sinay v. Sodders*, 80 Ohio St.3d 224, 226 (1997), citing *State ex rel. Massie v. Bd. of Edn. of Gahanna-Jefferson Pub. Schools*, 76 Ohio St.3d 584, 585 (1996).

{¶ 11} Here, Mr. Siegelman's allegations do not establish the beneficial interest necessary to confer standing as a relator in this action. The only allegation he makes relevant to that question is that he has a clear legal right in mandamus because he "participates in Sheriff sales in Ohio," but this is wholly inadequate to demonstrate any benefit or injury that justifies invoking the original jurisdiction of the trial court. Mr. Siegelman does not even allege that he "participates" in the sales run by the public entity he sued, the Franklin County Sheriff's Office. Even under the generous standard of notice pleading, there is no "possible theory" of relief where no injury is alleged. *Fahnbulleh*, 73 Ohio St.3d at 667. He does not even allege that he actually attempted to purchase or bid on a property at an auction run by the sheriff, or taken any action relevant to the deposit amounts required, other than to complain in emails to county officials. *See, e.g.*, *State ex rel. Gen. Contrs. Assn. v. Wait*, 168 Ohio St. 5, 7 (1958) ("The petition fails to allege that relators have a legal right to the action sought to be enforced by this proceeding; that they have been injured in any manner different from that affecting the public generally, or in any manner whatsoever; or that any legal private right of either organization has been affected in any manner by the inaction of respondents.").

{¶ 12} It is true that "status as a taxpayer is generally sufficient to establish a beneficial interest when the object is to compel performance of a duty for the benefit of the public." *Spencer* at 299, citing *State ex rel. Hodges v. Taft*, 64 Ohio St.3d 1, 4 (1992) and *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967), paragraph nine of the syllabus. However, Mr. Siegelman does not allege he is a taxpayer, and cannot therefore claim a beneficial interest on that basis. "Residents are normally taxpayers," but Mr. Siegelman does not allege that he is a resident, and the address he provided to the clerk for service is in Philadelphia, Pennsylvania. *Id.*, citing *State ex rel. Nimon v. Springdale*, 6 Ohio St.2d 1 (1966). Given these deficiencies, Mr. Siegelman's petition failed to demonstrate that he had the requisite standing to petition the trial court for relief in mandamus.

{¶ 13} Because he lacked standing to bring his claim in mandamus, we decline to weigh in on the dispute between him and the Franklin County Sheriff's Office over the proper interpretation of R.C. 2329.211. Appellate courts do not provide advisory opinions on matters of statutory interpretation. *See, e.g.*, *Devine-Riley v. Clellan*, 2011-Ohio-4367, ¶ 3 (10th Dist.) ("Appellate courts are not required to render an advisory opinion on a moot question or to rule on a question of law that cannot affect matters at issue in a case."). Accordingly, we overrule the sole assignment of error and affirm the trial court's dismissal of Mr. Siegelman's petition.

*Judgment affirmed.*

JAMISON, P.J. and BEATTY BLUNT, J., concur.

_____