[Cite as *State v. McClain*, 2011-Ohio-5923.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE STATE OF OHIO, | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Appellee, | Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| v. | |
| DOUGLAS MCCLAIN, | Case No. 10CA0048 |
| Appellant. | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Court of Common
Pleas, Case No. 09CR97

JUDGMENT:        Affirmed

DATE OF JUDGMENT:        November 14, 2011

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

DANIEL G. PADDEN        ANTHONY KOUKOUTAS
139 West Eighth Street        116 Cleveland Avenue, NW
P.O. Box 640        Suite 808
Cambridge, OH 43725        Canton, OH 44702

*Farmer, J.*

{¶ 1} On July 8, 2009, the Guernsey County Grand Jury indicted appellant, Douglas McClain, on one count of murder with a firearm specification in violation of R.C. 2930.02 and 2941.145. Said charge arose from the shooting death of appellant's girlfriend, Candace O'Neill.

{¶ 2} A jury trial commenced on January 26, 2010. The jury found appellant guilty as charged. By judgment entry filed February 16, 2010, the trial court sentenced appellant to an aggregate term of eighteen years to life.

{¶ 3} On September 28, 2010, appellant filed a petition for postconviction relief. By findings of fact, conclusions of law, and judgment entry filed November 30, 2010, the trial court denied the petition.

{¶ 4} On March 30, 2011, this court issued an opinion affirming appellant's conviction. See, *State v. McClain,* Guernsey App. No. 10-CA-10, 2011-Ohio-1623.

{¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 6} "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S PETITION FOR POST CONVICTION RELIEF."

I

{¶ 7} Appellant claims the trial court erred in denying his petition for postconviction relief. We disagree.

**{¶ 8}** The standard of review on the denial of a postconviction relief petition is set forth by our brethren from the Eighth District in *State v. Hines,* Cuyahoga App. No. 89848, 2008-Ohio-1927, ¶8:

**{¶ 9}** " 'A postconviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment.' *State v. Steffen* (1994), 70 Ohio St.3d 399, 410, 1994-Ohio-11. In postconviction cases, a trial court acts as a gatekeeper, determining whether a defendant will even receive a hearing. *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679. In *State v. Calhoun,* 86 Ohio St.3d 279, 1999-Ohio-102, the Ohio Supreme Court held that the trial court's gatekeeping function in the postconviction relief process is entitled to deference, including the court's decision regarding the sufficiency of the facts set forth by the petitioner and the credibility of the affidavits submitted. Accordingly, we review appellant's postconviction claims brought pursuant to R.C. 2953.21 under an abuse-of-discretion standard. *Id.* An abuse of discretion is more than a mere error in judgment, it implies that a court's ruling is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219."

**{¶ 10}** Appellant cites to four issues that entitles him to postconviction relief: his trial counsel 1) was deficient in not permitting him to testify in his own defense to the self-defense claim, 2) failed to challenge a juror for cause, 3) erred in presenting a diagram of his house that was inaccurate, and 4) failed to hire an expert witness on the trajectory of the bullet.

**{¶ 11}** Because appellant's arguments are based upon ineffective assistance of counsel, we will use the following standard set out in *State v. Bradley* (1989), 42 Ohio

St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011.  Appellant must establish the following:

{¶ 12} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.  (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

{¶ 13} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."

{¶ 14} Appellant argues his trial counsel was deficient in not calling him as a witness to substantiate his claim of self-defense.  The trial court found three witnesses testified to appellant claiming he shot Ms. O'Neill in self-defense, and the jurors were instructed on the affirmative defense.  See, Finding of Fact No. 4 filed November 30, 2010.  The trial court concluded trial counsel's decision not to call appellant as a witness did not rise to the level of deficiency, but constituted trial strategy.  See, Conclusion of Law No. 2 filed November 30, 2010.  We note in his September 24, 2010 affidavit at ¶5, appellant confirmed it was trial strategy: "My two attorney's disagreed about whether I should testify.  Eventually Mr. LaRue relented to Mr. Lonardo's wishes and advised me not to testify."

{¶ 15} A difference of opinion between attorneys and/or a client and attorney does not automatically rise to the level of deficiency or demonstrate a manifest injustice.

Three witnesses, Paramedic Gerald Schaffer, Sergeant Jason May, and acquaintance Mark Breece, testified that appellant told them he had been shot by Ms. O'Neill first and he then shot her in self-defense. T. at 262-263, 512, 580, 939-941. Trial counsel argued self-defense, and the jury was instructed on such. T. at 1024, 1031, 1039, 1054-1055

{¶ 16} In addition, Thomas Snyder, Jr. testified that appellant admitted to him that he staged his own shooting after shooting Ms. O'Neill. T. at 771-772. Detective Sam Williams confirmed that Mr. Snyder, Jr., together with his father, Thomas Snyder, Sr., came in and told him this information. T. at 881. To put appellant on the stand in the face of these admissions and subject him to cross-examination would have been problematic at best. We fail to find any deficiency in trial counsel's decision not to have appellant testify.

{¶ 17} Appellant argues his trial counsel was deficient in not challenging for cause Clinton Born as a juror. This issue should have been presented on direct appeal and therefore is res judicata. Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 1995-Ohio-331, syllabus. We further note Mr. Born was peremptory challenged by defense counsel. T. at 163.

{¶ 18} Appellant argues the diagram of his home presented by defense counsel was inaccurate (Defendant's Exhibit. 3). Appellant's mother opined as to its inaccuracy. See, Nancy McClain's September 27, 2010 Affidavit at ¶7. The trial court found appellant's proffered exhibit and defense counsel's diagram were substantially similar.

See, Finding of Fact No. 9 filed November 30, 2010. The diagram is specifically marked "NOT TO SCALE." In addition, photographs of the scene were admitted into evidence. T. at 919-920. We concur with the trial court's analysis that the exhibits are similar. Given the direct evidence of the photographs and the testimony of the deputies as to the scene, no evidence of the diagram's inaccuracy was presented to rise to the level of manifest injustice.

{¶ 19} Lastly, appellant argues his trial counsel failed to obtain an expert to testify to the trajectory of the bullet. The only testimony as to the bullet's trajectory came from the deputy coroner, Dr. Charles Lee:

{¶ 20} "Q. The wound to the back was 16 and a quarter inches from the top of the head, and the wound to the front is 17 inches to the top of t he head?

{¶ 21} "A. Right.

{¶ 22} "Q. Okay. What significance does that have, Doctor?

{¶ 23} "A. Well, it just shows the pathway that the bullet passed through the body. It's going – as it entered, it entered as a higher portion or position, and it traveled through the body and went slightly downward as it went through the body.

{¶ 24} "***

{¶ 25} "Q. Doctor, based upon your examination of Ms. O'Neill, your training, and your experience, and based on a reasonable degree of medical certainty, do you have an opinion as to the wound on the back of Candace O'Neill, whether or not that was an entry wound or an exit wound by the bullet?

{¶ 26} "A. Yes. I have no doubt that the back wound is the entry wound of the bullet, and then the chest wound is the exit wound.

{¶ 27} "***

{¶ 28} "Q. Say a person had elevated themself up to a point and then fired, would that be consistent?

{¶ 29} "A. Well, had the person – the person had to be high enough – if she is upright, then the person had to have been high enough so that the trajectory is downward."  T. at 357-358, 366-367, and 396, respectively.

{¶ 30} Appellant's surgeon, Dr. Clark Leslie, opined appellant's wound could have been self-inflicted.  T. at 453-456.  Defense counsel discredited the opinion on cross-examination.  T at 461-463.

{¶ 31} We find no proof that the testimony of an expert would have altered the opinions of the coroner or Dr. Leslie.

{¶ 32} Based upon our independent review of the evidence on the claimed errors, we find the trial court did not err in denying appellant's petition for postconviction relief.

{¶ 33} The sole assignment of error is denied.

{¶ 34} The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and Delaney, J. concur.

 s/ Sheila G. Farmer_____

 s/ W. Scott Gwin_____

 s/ Patricia A. Delaney_____

JUDGES

[Cite as *State v. McClain*, 2011-Ohio-5923.]

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE STATE OF OHIO | : | |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | JUDGMENT ENTRY |
| | : | |
| DOUGLAS MCCLAIN, | : | |
| | : | |
| Appellant. | : | CASE NO. 10CA0048 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio is affirmed. Costs to appellant.

_s/ Sheila G. Farmer_____

_s/ W. Scott Gwin_____

_s/ Patricia A. Delaney_____

JUDGES