[Cite as *State v. McClain*, 2020-Ohio-2833.]

wwCOURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 2019 CA 0024 |
| DOUGLAS A. McCLAIN | |
| Defendant-Appellant | O P I N IO N |

CHARACTER OF PROCEEDINGS:    Appeal from the Guernsey County Court
of Common Pleas, Case No. 2009 CR
000097

JUDGMENT:                              Affirmed

DATE OF JUDGMENT ENTRY:        May 6, 2020

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

STEPHANIE R. ANDERSON            MICHAEL A. PARTLOW
Assistant Attorney General (By Assignment)    112 S. Water Street, Suite C
615 W. Superior Avenue – 11th Floor      Kent, Ohio  44240
Cleveland, Ohio  44113

*Hoffman, P.J.*

{¶1}   Defendant-appellant Douglas McClain appeals the July 8, 2019 Order entered by the Guernsey County Court of Common Pleas denying his Motion For Leave To File Motion For New Trial.  The state of Ohio is plaintiff-appellee.

STATEMENT OF THE CASE

{¶2}   On July 8, 2009, Appellant was indicted on one count of Murder (R.C. 2903.02), with a firearm specification.  A jury trial was conducted on January 26, 2010. Appellant was convicted as charged.  The trial court sentenced Appellant to an indefinite term of fifteen years to life in prison on the murder conviction to run consecutively to a mandatory three year prison term on the firearm specification.

{¶3}   Appellant filed a direct appeal to this Court.  We affirmed his conviction. See, *State v. McClain*, 5th Dist. Guernsey App. No. 10-CA-10, 2001-Ohio-1623.

{¶4}   On September 28, 2019, Appellant filed a Petition for Post-Conviction Relief which was denied by the trial court.  This Court affirmed that decision in *State v. McClain*, 5th Dist. Guernsey App. No. 10-CA-48, 2011-Ohio-5923.

{¶5}   On February 19, 2019, Appellant filed a Motion for Leave to File Motion for New Trial. The trial court overruled said motion via Order filed July 8, 2019.  It is from that Order Appellant prosecutes this appeal assigning as error:


THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL WITHOUT A HEARING.

**{¶6}** Motions for new trial are governed by Crim.R. 33. The rule provides, in pertinent part:

(A) **Grounds**. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

\*\*\*\*\*\*\*\*\*\*\*

(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

(B) **Motion for new trial; form, time.** Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding

that the defendant was unavoidably prevented from filing such motion within the time provided herein.  Motions for a new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has waived.  **If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.**  (Emphasis added).

**{¶7}**   As can be deduced from our Statement of the Case, Appellant's motion for leave to file a motion for new trial was filed well beyond either the seven or 120 day time limits provided in Crim.R. 33(B).  Therefore, Appellant bears the burden of proving he was unavoidably prevented from the discovery of the evidence by clear and convincing evidence.

**{¶8}**   Appellant's defense at trial was he shot the victim in self-defense.  Appellant maintains the State's theory at trial was Appellant fatally shot the victim with one weapon and then shot himself with another.  Appellant asserts in his brief his trial counsel informed him he (trial counsel) had consulted several sources regarding ballistic experts and said those sources agreed with the Ohio Bureau of Criminal Investigation report which found no definitive conclusion could be drawn as to whether Appellant's gunshot wound was or was not self-inflicted.  Years later, in 2017, Appellant retained the services of Scott Roder,

a forensic expert with ballistic analysis experience.  Roder reviewed discovery material, trial matters and conducted a physical examination of Appellant.  Roder ultimately produced a video reconstruction allegedly demonstrating Appellant could not have self-inflicted the gunshot wound with the weapon in the manner asserted by the State.

{¶9}   Roder also prepared a written report which was attached to Appellant's motion for leave.  Appellant asserts that (preliminary) report would later be supplemented with Roder's complete report, including documentary exhibits and a video exhibit (apparently the video reconstruction mentioned earlier) should leave to file be granted.

{¶10} Appellant maintains Roder's report constitutes newly discovered evidence and it did not exist within 120 days of the verdict.

{¶11} In its Order denying Appellant leave, the trial court correctly points out Roder did not receive [discover] any new evidence but rather analyzed the same evidence available to Appellant at trial.  The trial court concluded Appellant cannot demonstrate he was unavoidably prevented from discovering this expert evidence at the time of trial and therefore concluded Appellant failed to present any newly discovered evidence.  We agree.  There is a distinction between newly discovered evidence and newly presented evidence.  *Babos v. Welch*, 2017 U.S. Dist. LEXIS 220648 (N.E. Ohio 2017).  We agree with the State while Roder's report may have been "newly commissioned," it was not newly discovered within the meaning of Crim.R. 33.

**{¶12}** Accordingly, we find the trial court did not abuse its discretion in denying Appellant's motion for leave to file a motion for new trial. The Order of the Guernsey County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Gwin, J. and

Delaney, J. concur